# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY ESPOSITO, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JONATHAN L. WILCOX, SYED T. KAMAL, JONATHAN J. McDONOUGH, CENTERBRIDGE CAPITAL PARTNERS L.P., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., BARCLAYS CAPITAL INC., GOLDMAN, SACHS & CO., WELLS FARGO SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, and LEERINK PARTNERS LLC,<br><br>    Defendants. | Civil Action No. 16 Civ. 11797 (ADB)<br><br>**CLASS ACTION** |

## STIPULATION OF SETTLEMENT

TABLE OF CONTENTS

Page

I.    DESCRIPTION OF THE ACTION ........................................................................ 1

II.   CLAIMS OF THE LEAD PLAINTIFFS AND THE BENEFITS OF
      SETTLEMENT TO THE SETTLEMENT CLASS ................................................. 2

III.  DEFENDANTS' DENIALS OF WRONGDOING AND REASONS FOR
      SETTLEMENT ...................................................................................................... 3

IV.   TERMS OF THE STIPULATION ......................................................................... 3

      A.   Definitions ................................................................................................... 4

      B.   Stipulation to Certification of a Settlement Class .................................... 10

      C.   The Court's Order Preliminarily Approving The Settlement And Providing
           For Notice And Settlement Hearing ........................................................ 11

      D.   Release ...................................................................................................... 14

      E.   Judgment To Be Entered By The Court Approving The Settlement ......... 15

      F.   The Settlement Fund ................................................................................. 16

      G.   Administration And Calculation Of Claims, Final Awards, And
           Supervision And Distribution Of The Settlement Fund ......................... 19

      H.   The Fee And Expense Application ........................................................... 23

      I.   Conditions Of Settlement; Effect Of Disapproval, Cancellation And
           Termination ............................................................................................. 24

      J.   No Admissions .......................................................................................... 26

      K.   Miscellaneous Provisions ......................................................................... 27

EXHIBITS

Exhibit A:        [Proposed] Order Preliminarily Approving Class Action Settlement and
                  Providing for Notice and Settlement Hearing

Exhibit A-1:      Postcard Notice of Proposed Settlement

Exhibit A-2:      Full Notice of Settlement of Class Action and Settlement Fairness Hearing,
                  and Motion for Award of Attorneys' Fees and Reimbursement of Litigation
                  Expenses

Exhibit A-3:      Summary Notice of Pendency and Settlement of Class Action

Exhibit A-4:      Proof of Claim and Release

Exhibit B:        [Proposed] Order and Final Judgment

i

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is made as of January 30, 2018, by and among the following parties: (1) Errol Rudman and Rudman Partners, L.P. (together, the "Lead Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through Lead Plaintiffs' Counsel in this Action (defined below); and (2) American Renal Associates Holdings, Inc. ("ARAH" or the "Company"); Joseph A. Carlucci, Jonathan L. Wilcox, Syed T. Kamal, and Jonathan J. McDonough (the "Individual Defendants"); Centerbridge Capital Partners, L.P. ("Centerbridge"); Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.); Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC (the "Underwriter Defendants" and, together with ARAH, Individual Defendants, and Centerbridge, the "Defendants"), by and through their attorneys in this Action.[1]

## I.      DESCRIPTION OF THE ACTION

On August 31, 2016, a putative class action captioned *Gelsleichter v. American Renal Associates Holdings, Inc.*, No. 16 Civ. 6841 ("*Gelsleichter* Action") was filed in the United States District Court for the Southern District of New York.  On September 2, 2016, the instant action, captioned *Esposito, et al. v. American Renal Associates Holdings, Inc., et al.*, No. 16 Civ. 11797 (the "Action"), was filed in the United States District Court for the District of Massachusetts.  On October 28, 2016, the plaintiff in the *Gelsleichter* Action voluntary dismissed that case.  By Order entered November 30, 3016, Lead Plaintiffs were appointed for this Action.

On February 1, 2017, Lead Plaintiffs filed and served an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), which asserted claims against

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ IV(A) herein.

all Defendants.  Specifically, the Amended Complaint alleged violations of: (i) Section 11 of the Securities Act of 1933 against all Defendants except Jonathan J. McDonough; (ii) Section 15 of the Securities Act of 1933 against Centerbridge and Individual Defendants, except Jonathan J. McDonough; (iii) Section 10(b) of the Securities Exchange Act of 1934, and SEC Rule 10b-5, against ARAH and Individual Defendants; and (iv) Section 20(a) of the Securities Exchange Act of 1934 against Centerbridge and Individual Defendants.  On May 18, 2017, Defendants moved to dismiss the Amended Complaint.  On October 23, 2017, Lead Plaintiffs' Counsel filed a letter with the Court informing the Court that the Lead Plaintiffs and ARAH had agreed to participate in mediation in an attempt to reach an amicable resolution of the Action and requesting that the Court hold in abeyance Defendants' motions to dismiss until after the mediation.

Counsel for Lead Plaintiffs and ARAH participated in a mediation conducted by JAMS mediator, Jed Melnick, Esq., on November 27, 2017.  Following the mediation, the Parties were able to reach agreement to settle this Action.  On January 10, 2018, the Parties informed the Court that they remained in negotiations regarding the final terms of the settlement, and the Court thereafter entered an electronic order denying Defendants' motions to dismiss with leave to renew.

## II.   CLAIMS OF THE LEAD PLAINTIFFS AND THE BENEFITS OF SETTLEMENT TO THE SETTLEMENT CLASS

Lead Plaintiffs believe that the claims asserted in the Action have merit.  However, Lead Plaintiffs and Lead Plaintiffs' Counsel have carefully weighed the benefit to the Settlement Class of a settlement of the Action at this stage of the litigation on the terms set forth herein, against the significant cost, risk, and delay that continued prosecution of the Action would involve.  Lead Plaintiffs and Lead Plaintiffs' Counsel recognize the considerable risk that they may lose on the pleadings, at summary judgment, at trial, on post-trial motions, or on appeal.  Lead Plaintiffs and Lead Plaintiffs' Counsel have also taken into account the expense and delay in attempting to

prosecute the Action through trial, likely post-trial motions, and appeals. Additionally, Lead Plaintiffs and Lead Plaintiffs' Counsel have taken into account the difficulty in proving damages. Based on their evaluation, Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the settlement set forth in this Stipulation confers substantial and immediate benefits on the Settlement Class and is therefore in the best interest of the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND REASONS FOR SETTLEMENT

Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action and the Amended Complaint. Defendants have asserted, and continue to assert, many defenses thereto, and expressly deny any wrongdoing or legal liability arising out of any of the conduct alleged in the Action and the Amended Complaint. Neither this Stipulation, nor any document referred to herein, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing or liability whatsoever or the lack of merit of any defense that had been or could have been asserted to such claim.

Defendants nevertheless recognize that the further conduct of the Action against them would be protracted, expensive, and distracting. Substantial amounts of time, energy and resources have been and, unless this settlement is made, will continue to be devoted to the defense of the claims asserted in the Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to eliminate the burden and expense of further protracted litigation.

## IV.   TERMS OF THE STIPULATION

NOW, THEREFORE, it is hereby stipulated and agreed, by and among Lead Plaintiffs (themselves and on behalf of all members of the Settlement Class) and Defendants, by

and through their respective counsel of record, that the Action shall be settled, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), upon and subject to the following terms and conditions:

A.    **Definitions**

1.    "Action" means *Esposito, et al. v. American Renal Associates Holdings, Inc., et al.*, Case No. 16-cv-11797-ADB, now pending in the United States District Court for the District of Massachusetts.

2.    "Administrative Expenses" means: (a) the fees and expenses that are incurred by the Claims Administrator in connection with providing notices to the Settlement Class, and administering the settlement, including but not limited to the claims process, as addressed in ¶ IV(F)(5) of this Stipulation; (b) the fees and expenses incurred in connection with the Escrow Account; (c) Taxes; and (d) the out-of-pocket expenses incurred by the Escrow Agents in connection with determining the amount of and paying any Taxes (including, without limitation, expenses of tax attorneys and accountants).

3.    "Authorized Claimant" means a Claimant who submits a timely and adequate Claim Form who is entitled to share in the Net Settlement Fund in accordance with the Plan of Allocation approved by the Court, and whose claim has been approved for payment by the Claims Administrator.

4.    "Claim Form" means the Proof of Claim and Release, substantially in the form attached hereto as Exhibit A-4, which a Settlement Class Member must complete and submit if that Settlement Class Member seeks to share in the distribution of the Net Settlement Fund.

5.    "Claimant" means any Settlement Class Member who submits a Claim Form in such form, in such manner, and within such times as the Court shall prescribe.

6.    "Claims Administrator" means Garden City Group, LLC.

4

7.      "Court" means the United States District Court for the District of Massachusetts.

8.      "Defendants" means American Renal Associates Holdings, Inc., Joseph A. Carlucci, Jonathan L. Wilcox, Syed T. Kamal, Jonathan J. McDonough, Centerbridge Capital Partners, L.P., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC.

9.      "Defendants' Counsel" means the law firms of Milbank, Tweed, Hadley & McCloy LLP, Greenberg Traurig LLP, Wilmer Cutler Pickering Hale and Dorr LLP, Skadden, Arps, Slate, Meagher & Flom LLP, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC, and Goodwin Procter LLP.

10.     "Effective Date" means the first date by which all events and conditions specified in ¶ IV(I)(1) of this Stipulation have been met and have occurred or have been waived.

11.     "Escrow Account" means the account wherein the Settlement Amount shall be deposited and held in escrow under the control of the Escrow Agents.

12.     "Escrow Agent" means the law firm of Kirby McInerney LLP, or its successors, acting on behalf of the Parties in accordance with the terms of this Stipulation.

13.     "Final" means the date upon which any judgment or order, including the Final Judgment Order, in the Action becomes no longer subject to further appeal or review, including, without limitation: (a) if no appeal is filed, the date of expiration of the time provided for the filing or noticing of any appeal under the Federal Rules of Appellate Procedure; or (b) if an appeal is filed in the Action, (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date upon which the judgment in

the Action is finally affirmed on appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (a) the Fee and Expense Application (as defined in ¶ IV(H)(1), or (b) the Plan of Allocation of the Net Settlement Fund (as submitted or subsequently modified), shall not in any way delay or preclude the Final Judgment Order from becoming Final.

14.    "Final Judgment Order" means the [Proposed] Order and Final Judgment approving the settlement or an order that is in substance materially the same as Exhibit B to this Stipulation.

15.    "Lead Plaintiffs" means Errol Rudman and Rudman Partners, L.P.

16.    "Lead Plaintiffs' Counsel" means the law firm of Kirby McInerney LLP.

17.    "Lead Plaintiffs' Liaison Counsel" shall mean the Law Offices of Mark Booker.

18.    "Net Settlement Fund" means the Settlement Fund less: (a) any Administrative Expenses; (b) amounts awarded on the Fee and Expense Application, and interest thereon; (c) Taxes and tax expenses; and (d) Court-approved deductions.

19.    "Notice" means the Postcard Notice of Proposed Settlement ("Postcard Notice") and the Full Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Full Notice"), substantially in the forms attached hereto as Exhibits A-1 and A-2, which are to be sent

to Settlement Class Members, and which the Claims Administrator shall post on the settlement website and provide via mail or email to any Settlement Class Member who requests a copy.

20.    "Parties" means, collectively, Lead Plaintiffs and Defendants.

21.    "Person" means any individual, corporation, partnership, association, joint stock company, trust, unincorporated organization, government and any political subdivision thereof, or any other type of entity.

22.    "Preliminary Approval Order" means the [Proposed] Order Preliminarily Approving Class Action Settlement and Providing for Notice and Settlement Hearing or an order that is in substance materially the same as Exhibit A to this Stipulation.

23.    "Released Claims" means any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, (1) the purchase, sale, or other acquisition or disposition, or holding, of ARAH securities during the

Settlement Class Period, and/or (2) any conduct alleged in the Action or that could have been alleged in the Action against any of the Defendants or the other Released Parties.

24.    "Released Parties" means all and each of Defendants, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, insurers, and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing.

25.    "Settlement Amount" means $4,000,000 in cash.

26.    "Settlement Class" shall have the meaning set forth in Section IV.B.

27.    "Settlement Class Member(s)" means a member of the Settlement Class.

28.    "Settlement Class Period" means the period of April 20, 2016 through August 18, 2016, inclusive.

29.    "Settlement Fund" means the sum of $4,000,000, to be paid, or caused to be paid, by ARAH on behalf of Defendants as specified in ¶ IV(F)(1) of this Stipulation.

30.    "Settlement Hearing" means the hearing or hearings before the Court to determine whether (a) the settlement is fair, reasonable and adequate, (b) the Final Judgment Order should be entered, (c) the Plan of Allocation is fair, reasonable and adequate, and (d) the Fee and Expense Application should be approved.

31.    "Summary Notice" means the Summary Notice of Pendency and Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3.

32.    "Taxes" means: (a) all federal, state and/or local taxes of any kind (including any interest and penalties thereon) on any income earned by the Settlement Fund; and (b) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

33.    "ARAH" means American Renal Associates Holdings, Inc., a Delaware corporation, and its past and present parent, subsidiary, and affiliated corporations and entities, and the predecessors and successors in interest of any of them.

34.    "Unknown Claims," as used herein and in the Final Judgment Order, means any Released Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the grant of such release, which if known by him, her or it might have affected their decision(s) with respect to the settlement of the Action.  It is the intention of the Parties hereto that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment Order shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of any statute or law, which is similar, comparable, equivalent to, or which has the effect of, California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that he, she or it is aware that they may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matters of the Released Claims, but that it is his, her, or its intention upon the Effective Date, to have, fully, finally, and forever settled and

9

released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. In entering and making this Stipulation, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law. The Parties acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the release of such unknown claims was separately bargained for and was a key element of the Stipulation. All of the foregoing is the definition of "Unknown Claims."

### B. Stipulation to Certification of a Settlement Class

1.       Lead Plaintiffs will file an application pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, seeking the certification of, solely for settlement purposes, a Settlement Class defined as, collectively, the following:  (a) all Persons that purchased or otherwise acquired ARAH securities between April 20, 2016 and August 18, 2016, inclusive, including (b) all Persons that purchased or otherwise acquired ARAH securities pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the "Registration Statement") filed in connection with the Company's April 20, 2016 offering.  The Settlement Class shall exclude Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant, and any Persons who submit a valid and timely request for exclusion pursuant to the Notice.

2.       The Parties' agreement as to certification of the Settlement Class is solely for the purposes of effectuating a settlement and for no other purpose.  Defendants retain all of their potential objections, arguments, and defenses with respect to the claims asserted in the Action, and reserve all rights to contest those claims if the settlement set forth in this Settlement

Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to become effective.  If any of the foregoing occurs, the Parties agree that the agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited in support of an argument for certifying a class for any purpose related to this or any other proceeding.

**C.**     **The Court's Order Preliminarily Approving The Settlement And Providing For Notice And Settlement Hearing**

As soon as practicable after the execution of this Stipulation, Lead Plaintiffs' Counsel shall move the Court for an order that is in substance materially the same as the proposed Order attached hereto as Exhibit A ("Preliminary Approval Order"), which shall specifically include provisions that:

1.     Preliminarily approve the settlement as embodied in this Stipulation as being fair, reasonable, and adequate to the Settlement Class;

2.     Provide that Lead Plaintiffs' Counsel is authorized to enter into the Stipulation on behalf of the Settlement Class, and to bind Settlement Class Members to the duties and obligations contained herein, subject to final approval by the Court;

3.     Appoint the firm of Garden City Group, LLC to administer the notice procedure and the processing of claims ("Claims Administrator"), under the supervision of Lead Plaintiffs' Counsel;

4.     Approve a Postcard Notice and Full Notice (together,  the "Notice") that are in substance materially the same as Exhibits A-1 and A-2 attached hereto, and a Claim Form that

is in substance materially the same as Exhibit A-4 attached hereto, for transmission to Settlement Class Members in order to provide notice of the hearing for approval of the settlement;

5.    Direct that the Claims Administrator mail such Postcard Notice to those Settlement Class Members who can be identified through reasonable effort, such mailing to be accomplished by first-class United States mail, postage prepaid, commencing not later than fourteen (14) calendar days following receipt of the transfer records report from ARAH;

6.    Order that nominees who purchased or otherwise acquired ARAH securities for the beneficial ownership of Settlement Class Members during the Settlement Class Period be required, within fourteen (14) business days of their receipt of the Postcard Notice, at their sole discretion, to either (a) forward the Postcard Notice to all such beneficial owners, or (b) provide the Claims Administrator with the names and addresses of such beneficial owners, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners;

7.    Approve a Summary Notice that is in substance materially the same as Exhibit A-3 attached hereto, to be published in order to provide notice of the Settlement Hearing, and direct that the Claims Administrator cause such Summary Notice to be published once in *The Wall Street Journal*, or, if significantly less expensive, *The Financial Times* or *Investor's Business Daily*, and once over a national newswire service, all no later than fourteen (14) calendar days following the mailing of the Postcard Notice;

8.    Find that mailing and distribution of the Notice and the Claim Form, including forwarding by nominees, and publication of the Summary Notice pursuant to ¶¶ IV(C)(4),(5),(6), and (7) above constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all Persons entitled to

receive notice, and fully satisfy the requirements of due process, 15 U.S.C. §§ 77z-1(a)(7) and 78u-4(a)(7), Fed. R. Civ. P. 23, and all other applicable law and rules;

9.      Require any Settlement Class Member who desires to request exclusion from the Settlement Class to so notify the Claims Administrator in the manner set forth in the Notice, and to provide the information required therein;

10.     Schedule a hearing to be held by the Court ("Settlement Hearing") on a date at least 110 days after entry of the Preliminary Approval Order in order to determine: (a) whether the settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether a final judgment should be entered that is in substance materially the same as Exhibit B attached hereto ("Final Judgment Order"); (c) whether Lead Plaintiffs' proposed Plan of Allocation of the settlement proceeds that is described in the Notice ("Plan of Allocation") should be approved as fair, reasonable, and adequate to the Settlement Class; and (d) whether to approve the application of Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses, and for awards to the Lead Plaintiffs ("Fee and Expense Application");

11.     Provide that any objections to the settlement, the Plan of Allocation, or the Fee and Expense Application shall be heard, and any papers submitted in support of said objections shall be received and considered by the Court, at the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise), only if, on or before a date to be specified in the Notice, Persons making objections give notice of their intention to appear and file with the Court and submit copies of such papers as they propose to submit to Lead Plaintiffs' Counsel and counsel for Defendants, in the manner described in the Notice;

13

12.     Provide that, in order to share in the Net Settlement Fund, a Settlement Class Member must execute and submit a Claim Form in the manner provided in the Notice within such time as is allowed by the Court;

13.     Provide that, upon entry of the Final Judgment Order, all Settlement Class Members, whether or not they submit a Claim Form within the time provided for, shall be permanently enjoined and barred from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims (except through the proof of claim procedures) against any of the Released Parties, and that all Settlement Class Members conclusively shall be deemed to have released any and all such Released Claims, except for proceedings to enforce this Stipulation;

14.     Provide that, upon the Effective Date, only Persons who are Authorized Claimants shall have rights in the distribution of the Net Settlement Fund;

15.     Provide that a Claim Form filed by mail shall be deemed to have been submitted when legibly postmarked by the U.S. Postal Service, if mailed by first-class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form, and that all other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator; and

16.     Provide that the Settlement Hearing may, from time to time and without further notice to Settlement Class Members, be continued or adjourned by order of the Court.

**D.     <u>Release</u>**

1.     Upon the entry of the Order and Final Judgment, Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of such order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished,

waived, and discharged all Released Claims, regardless of whether such Settlement Class Member executes and delivers the Claim Form.  Claims relating to the enforcement of the settlement shall not be released.

2.      Upon the entry of the Order and Final Judgment, Lead Plaintiffs and each of the Settlement Class Members shall be forever barred and enjoined from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

3.      Nothing in this Stipulation or the releases described in this ¶ IV(D) is intended to, or should be construed as, limiting or restricting the rights or claims any of the Defendants have against an insurer, if any, under any policy of insurance or otherwise.

E.      **Judgment To Be Entered By The Court Approving The Settlement**

Upon approval by the Court of the settlement set forth in this Stipulation, a final judgment shall be entered by the Court, pursuant to an Order and Final Judgment ("Final Judgment Order") that is in substance materially the same as Exhibit B attached hereto, which shall specifically include provisions which:

1.      Approve the settlement set forth in this Stipulation as fair, reasonable, and adequate to the Settlement Class, and direct consummation of the settlement in accordance with the terms and provisions of this Stipulation;

2.      Fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

3.      Adjudge that, upon entry of the Final Judgment Order, Lead Plaintiffs and all Settlement Class Members shall conclusively be deemed to have released all Released Claims;

15

4.      Bar and permanently enjoin Lead Plaintiffs and all Settlement Class Members, upon entry of the Final Judgment Order, from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims;

5.      Determine, pursuant to 15 U.S.C. §§ 77z-1(c)(1) and 78u-4(c)(1), that all counsel appearing in this Action have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure;

6.      Determine that Defendants have complied with the requirements of 28 U.S.C. §1715(b);

7.      Reserve jurisdiction over: (a) implementation of this settlement and any distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) the Action, until the Effective Date; and (e) all Parties, for the purpose of enforcing and administering this Stipulation.

**F.      The Settlement Fund**

1.      Within ten (10) business days after the Court enters the Preliminary Approval Order, ARAH shall deposit, or cause to be deposited, into the Escrow Account established at Citibank, N.A. the sum of $4,000,000.  This amount, together with any interest accrued thereon, shall constitute the Settlement Fund.  The payment described in this ¶ IV(F) is the only payment to be made by or on behalf of Defendants in connection with this settlement.  No other Defendant shall have responsibility for the Settlement Fund.

2.      The Settlement Fund shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement

Fund is distributed as provided in ¶ IV(G)(4) of this Stipulation, or returned to ARAH as provided in ¶ IV(F)(6) of this Stipulation.

3.      The Escrow Agents shall cause the Settlement Fund to be invested in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agents shall reinvest the proceeds of these instruments as they mature in similar instruments or their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this ¶ IV(F)(3) shall be borne by the Settlement Fund.

4.      Before the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; (b) as provided in this Stipulation; or (c) with the written agreement of Lead Plaintiffs' Counsel and Defendants' Counsel.

5.      Prior to the Effective Date, the Escrow Agents may pay from the Settlement Fund Administrative Expenses up to the maximum total amount of $150,000.  If, prior to the Effective Date, Administrative Expenses exceed $150,000, such additional amounts shall be paid only after approval by Defendants' Counsel, which shall not be unreasonably withheld.  After the Effective Date the Escrow Agents may pay from the Settlement Fund any additional, unpaid Administrative Expenses without further approval from Defendants, Defendants' Counsel, or order of the Court.  Released Parties are not responsible for, and shall not be liable for, any Administrative Expenses.

17

6.      If the Effective Date does not occur, or if this Stipulation is voided, terminated or cancelled for any reason, Lead Plaintiffs and Lead Plaintiffs' Counsel shall have no obligation to repay any of the Administrative Expenses that have been disbursed or incurred in accordance with ¶ IV(F)(5).  Any amounts remaining in the Settlement Fund after payment of all Administrative Expenses disbursed or incurred in accordance with ¶ IV(F)(5), including all interest earned on the Settlement Fund net of any tax liability, shall be returned to ARAH, and no other Person shall have any further claim whatsoever to such amounts.

7.      This is not a claims-made settlement.  As of the Effective Date, Defendants and/or any other Person(s) funding the settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished.

8.      The Settlement Fund shall be applied, subject to the approval of the Court, as follows:

(a)      To pay to Lead Plaintiffs' Counsel such attorneys' fees and litigation expenses as the Court may award on the Fee and Expense Application;

(b)      To pay such amounts to Lead Plaintiffs as the Court may award on the Fee and Expense Application;

(c)      To pay Administrative Expenses in accordance with ¶ IV(F)(5);

(d)      To pay Taxes and tax expenses;

(e)      To pay an incentive award to Lead Plaintiffs to the extent allowed by the Court; and

(f)      To pay, after the Effective Date, the claims of all Authorized Claimants as allowed by the Plan of Allocation approved by the Court.

9.      The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.  For the purposes of §1.468B, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agents.  Defendants and Defendants' Counsel shall have no liability or responsibility for the payment of any Administrative Expenses.  The Escrow Agents, or the claims Administrator as a designated agent of the Escrow Agents, shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  The Escrow Agents shall indemnify and hold harmless Defendants and Defendants' Counsel for any liability for Administrative Expenses.  All costs incurred in connection with the taxation of the Settlement Fund, including Taxes and tax expenses, are considered "Administrative Expenses" and shall be paid out of the Settlement Fund by the Escrow Agents without prior order from the Court.

10.     The Escrow Agents are authorized to execute such transactions as are provided for in this Stipulation.  The Escrow Agents shall not be responsible for the payment of any amounts due except to the extent of maintaining account of and appropriately paying amounts as required by this Stipulation, but only to the extent such amounts are delivered into the Escrow Account.  The Escrow Agents shall not be responsible for the performance of any obligations made herein by any Party to this Stipulation.

G.      **Administration And Calculation Of Claims, Final Awards, And Supervision And Distribution Of The Settlement Fund**

1.      The Claims Administrator, subject to supervision and direction of Lead Plaintiffs' Counsel and the Court, shall provide notice of the Action and settlement to the Settlement Class as set forth in the Preliminary Approval Order, shall administer and calculate the

Claim Forms submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

2.      ARAH shall make good faith efforts to provide within fourteen (14) business days after the Court enters the Preliminary Approval Order, and without any charge to Lead Plaintiffs or the Settlement Class, the transfer records/shareholder lists of ARAH for the Settlement Class Period.

3.      Concurrently with submission of this Stipulation to the Court, Lead Plaintiffs' Counsel are submitting a proposed Plan of Allocation of the Net Settlement Fund, which is set forth in the Notice.  At the Settlement Hearing, Lead Plaintiffs' Counsel will ask the Court to approve the Plan of Allocation.  It is agreed by the undersigned Parties that Court approval of the proposed Plan of Allocation is not a condition of this Stipulation, and the proposed Plan of Allocation is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation.  Any order or proceedings relating to the proposed Plan of Allocation shall not operate to terminate or cancel this Stipulation or to affect the finality of any order approving the settlement contemplated by this Stipulation.  Lead Plaintiffs, Settlement Class Members, and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

4.      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions.

a.      Each Person claiming to be an Authorized Claimant, including but not limited to Lead Plaintiffs and any other named plaintiffs, shall be required to submit to the Claims Administrator a completed Claim Form, substantially in the form of Exhibit A-4 attached hereto, postmarked or submitted electronically by a date set by the Court that is no later than one hundred twenty (120) calendar days after the mailing of the Postcard Notice (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Claim Form and as are reasonably available to such Person.

b.      Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Claim Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Claim Form that is rejected as deficient and not cured, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment Order.  Upon the entry of the Final Judgment Order, Lead Plaintiffs, all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, that tries to assert the Released Claims.  Notwithstanding the foregoing, Lead Plaintiffs' Counsel shall have the discretion, but not the obligation, to accept for processing late-submitted claims so long as the distribution (or redistribution) of the Net Settlement Fund to Authorized Claimants is not materially delayed as a result.  No Person shall have any claim against Lead Plaintiffs' Counsel, Lead Plaintiffs, the Claims Administrator, or Released Parties by reason of the decision to exercise such discretion whether to accept late claims.

c.      The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its share of the Net Settlement Fund in accordance with the Plan of Allocation.  No distributions will be made to Authorized Claimants whose distribution would be less than $10.00.

d.      If there is any balance remaining in the Net Settlement Fund six (6) months after the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), then after the Claims Administrator has made reasonable efforts to have Authorized Claimants cash their distributions, the Claims Administrator, under the supervision of Lead Plaintiffs' Counsel shall, if economically feasible, distribute such balance among Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any Taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistributions.  These redistributions shall be repeated in the same manner and time frame as provided for above until the balance remaining in the Net Settlement Fund is a *de minimis* amount that can no longer be distributed to Authorized Claimants in an equitable and economical fashion.  Such remaining balance shall then be donated to the following non-profit organization: Massachusetts Legal Assistance Corporation.

e.      Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the Escrow Account, the Escrow Agents, Administrative Expenses, or any losses incurred in connection with the foregoing.  No Person, including Lead Plaintiffs, Settlement Class

22

Members, and Lead Plaintiffs' Counsel, shall have any claim of any kind against Released Parties with respect to the matters set forth in this paragraph.

        f.      No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Plan of Allocation, or otherwise as further ordered by the Court. Defendants and Defendants' Counsel have no involvement in, and shall have no liability with respect to, such distributions.

**H.**      **The Fee And Expense Application**

        1.      No later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead Plaintiffs' Counsel will file the Fee and Expense Application for (a) an award of attorneys' fees, (b) the reasonable expenses incurred by Lead Plaintiffs' Counsel in connection with prosecuting the Action, and (c) any interest on such fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid). The Fee and Expense Application may also include a request for reimbursement pursuant to 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4) for Lead Plaintiffs' expenses and time related to their representation of the Settlement Class. Any amounts awarded on the Fee and Expense Application shall be paid only from the Settlement Fund and shall not otherwise be paid by Defendants. Lead Plaintiffs' Counsel may allocate the amounts awarded on the Fee and Expense Application among Lead Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the institution, prosecution, and resolution of the Action.

        2.      It is agreed that the allowance or disallowance by the Court of the Fee and Expense Application is not a term or condition of the settlement set forth in this Stipulation, and any order or proceeding relating thereto, or any appeal from any such order, shall not operate to

terminate or cancel this Stipulation or affect the finality of any order approving the settlement contemplated by this Stipulation.

        3.      The amount awarded by the Court on the Fee and Expense Application shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund within five (5) business days upon entry of an order awarding such attorneys' fees and expenses, notwithstanding timely objections to, potential for appeal from, or collateral attack on, the settlement or the award of fees and expenses.  In the event that the Final Judgment Order or the order awarding such fees and expenses is reversed or modified by final non-appealable order, or if the settlement is cancelled or terminated by a final non-appealable order for any reason, then Lead Plaintiffs' Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction.

**I.**      **Conditions Of Settlement; Effect Of Disapproval, Cancellation And Termination**

        1.      The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

      (a)      The Settlement Amount has been deposited into the Escrow Account in conformity with ¶ IV(F)(1) hereof;

      (b)      The Court has entered an order preliminarily approving the settlement and directing notice of the Action and settlement to the Settlement Class, in substance materially the same as ¶ IV(C) and Exhibit A;

      (c)      ARAH has not exercised its option to terminate the settlement pursuant to the provisions of this Stipulation;

(d)     The Court has entered the Final Judgment Order as provided in ¶ IV(E) and

Exhibit B hereto; and

(e)     The Final Judgment Order has become Final.

2.      If all of the conditions specified above in ¶ IV(I)(1) are not met, then this

Stipulation shall be canceled and terminated subject to ¶ IV(I)(4) hereof unless Lead Plaintiffs and

Defendants mutually agree in writing to proceed with this Stipulation.

3.       ARAH shall have the right to terminate and cancel this Stipulation in the

event that members of the Settlement Class who request exclusion from the Settlement Class

collectively have purchased or acquired more than a certain number of shares of ARAH securities

during the Settlement Class Period (the "Opt-Out Threshold"), as set forth in a confidential

supplemental agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and

Defendants.  The Supplemental Agreement will not be filed with the Court and its terms shall not

be disclosed in any other manner (other than the statements herein and in the Notice, to the extent

necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute

among the Parties concerning its interpretation or application arises.  If required by the Court, the

Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for

purposes of approval of the settlement, but such disclosure shall be carried out to the fullest extent

possible in accordance with the practices of the Court so as to preserve the confidentiality of the

Supplemental Agreement.  Copies of all requests for exclusion shall be simultaneously sent to

Lead Plaintiffs' Counsel and Defendants' Counsel within three (3) business days of receipt by the

Claims Administrator.

4.      In the event that this Stipulation is voided, terminated or cancelled, or fails

to become effective for any reason whatsoever, then within seven (7) business days after written

notice is sent by any Party to the Escrow Agents and all other Parties, the Escrow Agents shall cause the Settlement Amount and all interest earned thereon to be refunded to ARAH, less any Administrative Expenses disbursed, billed, or incurred in accordance with the terms of this Stipulation.  In such event, the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the parties' acceptance of the mediator's proposal to settle this Action (*i.e.*, November 28, 2017), and they shall proceed in all respects as if this Stipulation, its exhibits, and any related agreements or orders, had never been executed.  In such event, the Parties jointly will seek vacation of any order entered or actions taken in connection with this Stipulation.

### J.    No Admissions

1.    Except as otherwise expressly provided herein, this Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.    shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of Defendants;

b.    shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

c. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided, however*, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder; and/or

d. shall not be construed against any of Defendants for any purpose, including without limitation as a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

### K.    Miscellaneous Provisions

1. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

2. This Stipulation and the Supplemental Agreement may be amended or modified only by a written instrument signed by all of the Parties to this Stipulation or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

3. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party to this Stipulation, or by that Party or by any other Party to this Stipulation of any other prior or subsequent breach of this Stipulation.

4. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties hereto, and no representations, warranties or inducements have been made to any Party concerning this Stipulation and its exhibits or the Supplemental

Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

5.      Lead Plaintiffs' Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms.  Lead Plaintiffs' Counsel also are authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which such counsel deem appropriate.

6.      This Stipulation will be executed on behalf of the Parties hereto by their respective counsel of record.  All counsel executing this Stipulation represent and warrant that they are authorized and empowered to execute this Stipulation on behalf of their stated client(s), and that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel.

7.      This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties hereto shall exchange among themselves signed counterparts.  Signatures may be originals, or facsimile or .pdf copies.

8.      This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Stipulation.

9.      All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Massachusetts, except to the extent that federal law applies.

10.     The Parties to this Stipulation and their counsel agree to use their good faith best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment Order and to effectuate the settlement set forth in this Stipulation.

11.     The Parties and their counsel agree that (a) Lead Plaintiffs and ARAH shall not issue any press release without prior approval from the other party, and (b) no other Party shall issue any press release without consent and prior approval from all Parties.  The Parties and their counsel further agree that they shall refrain from disparaging the settlement or each other with respect to the Action in any press release or statement to the media, or in any other communication.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the date stated above.

Dated:  January 30, 2018

Respectfully submitted,

ERROL RUDMAN and RUDMAN PARTNERS, L.P.

By their attorneys,

/s/ Ira M. Press
Andrew M. McNeela (admitted *pro hac vice*)
Ira M. Press (admitted *pro hac vice*)
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor New
York, New York 10022
Tel.: 212.371.6600
Fax: 212.751.2540

Mark Booker (BBO# 659957)
**LAW OFFICES OF MARK BOOKER**
33 Mount Vernon Street, 4th Floor
Boston, Massachusetts 02108
Tel: 617.248.1650

AMERICAN RENAL ASSOCIATES HOLDINGS, INC.

By their attorneys,

/s/ Scott A. Edelman
Scott A. Edelman (admitted *pro hac vice*)
Antonia M. Apps (admitted *pro hac vice*)
Jed M. Schwartz (admitted *pro hac vice*)
Elise Kent Bernanke (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY & McCLOY LLP**
28 Liberty Street
New York, New York 10005
Tel.: 212.530.5000
Fax: 212.530.5219
sedelman@milbank.com
aapps@milbank.com
jschwartz@milbank.com
ebernanke@milbank.com

/s/ Gary R. Greenberg
Gary R. Greenberg (BBO# 209420)
**GREENBERG TRAURIG, LLP**
One International Place 20th Floor
Boston, Massachusetts 02110
Tel.: 617.310.6013
Fax: 617.279.8413
greenbergg@gtlaw.com

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED; BARCLAYS
CAPITAL INC.; GOLDMAN SACHS & CO.
LLC (formerly known as GOLDMAN,
SACHS & CO.); WELLS FARGO
SECURITIES, LLC; SUNTRUST
ROBINSON HUMPHREY, INC.; and
LEERINK PARTNERS LLC

By their attorneys,

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (BBO# 391030)
Daniel P. Roeser (BBO# 675223)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel.: 212.813.8800
Fax: 212.355.3333
bpastuszenski@goodwinlaw.com
droeser@goodwinlaw.com

Ezekiel L. Hill (BBO# 690023)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: 617.570.1000
Fax: 617.523.1231
ehill@goodwinlaw.com

JOSEPH A. CARLUCCI, JONATHAN L.
WILCOX, and SYED T. KAMAL

By their attorneys,

*/s/* Daniel W. Halston
Daniel W. Halston (BBO # 548692)
Peter J. Kolovos (BBO # 632984)
Harriet A. Hoder (BBO# 679416)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel.: 617.526.6000
Fax: 617.526.5000
daniel.halston@wilmerhale.com

CENTERBRIDGE CAPITAL PARTNERS
L.P.

By their counsel,

*/s/* John F. Sylvia
John F. Sylvia, Esq. (BBO# 555581)
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC**
One Financial Center
Boston, Massachusetts 02111
Tel.: 617.348.1820
Fax: 617.542.2241
jfsylvia@mintz.com

JONATHAN J. McDONOUGH

/s/ James R. Carroll
James R. Carroll
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**
500 Boylston Street
Boston, Massachusetts 02116
Tel.:617.573.4800
Fax: 617.573.4822
James.Carroll@skadden.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY ESPOSITO, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JONATHAN L. WILCOX, SYED T. KAMAL, JONATHAN J. McDONOUGH, CENTERBRIDGE CAPITAL PARTNERS L.P., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., BARCLAYS CAPITAL INC., GOLDMAN, SACHS & CO., WELLS FARGO SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, and LEERINK PARTNERS LLC,<br><br>  Defendants. | Civil Action No.: 16 Civ. 11797 (ADB)<br><br><br>**CLASS ACTION**<br><br><br>ECF Case |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE AND SETTLEMENT HEARING

**WHEREAS,** an action is pending before this Court entitled *Esposito v. American Renal Associates Holdings, Inc., et al.*, Civil Action No. 16 Civ. 11797 (ADB) (the "Action");

**WHEREAS,** Lead Plaintiffs Errol M. Rudman and Rudman Partners ("Lead Plaintiffs") on behalf of themselves and all other persons similarly situated, having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated as of January 30, 2018 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice;

**WHEREAS,** the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order; and

**WHEREAS,** unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court preliminarily approves the Stipulation and the terms set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

3.      Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Settlement Class defined as, collectively, the following:

> (a) all Persons that purchased or otherwise acquired ARAH securities between April 20, 2016 and August 18, 2016, inclusive, including (b) all Persons that purchased or otherwise acquired ARAH securities pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the "Registration Statement") filed in connection with the Company's April 20, 2016 offering, but excluding Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant, and any Persons who submit a valid and timely request for exclusion pursuant to the Notice.

4.      The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and adequately represented and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to

2

Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rule of Civil Procedures, and for the purposes of settlement only, Lead Plaintiffs are certified as the class representatives and Lead Plaintiffs' Counsel are appointed as class counsel.

## I.      NOTICE

6.      The Court approves, as to form and content, the Postcard Notice of Proposed Settlement (the "Postcard Notice"), and the Full Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Full Notice" and, together with the Postcard Notice, the "Notice"), the Summary Notice of Pendency and Settlement of Class Action to be published on a national business newswire (the "Summary Notice"), and the Proof of Claim and Release (the "Claim Form") annexed hereto as Exhibits A-1, A-2, A-3 and A-4, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 7-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1 and 78u-4, as amended; the United States Constitution (including the Due Process clause); and any other applicable law; and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      The firm of Garden City Group, LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

(a)      ARAH shall make good faith efforts to provide to the Claims Administrator, without any charge to Lead Plaintiffs or the Settlement Class, ARAH's transfer

records/shareholder lists for the Settlement Class Period, within fourteen (14) business days after the Court enters this Preliminary Approval Order, and, commencing not later than fourteen (14) calendar days following receipt of the transfer records report, the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by United States mail, postage prepaid, to all Settlement Class Members who can be identified with reasonable effort (the "Notice Date");

(b)     No later than five (5) business days after receipt of a request for a copy of the Full Notice, the Claims Administrator or Lead Plaintiffs' Counsel shall cause a copy of the Full Notice, substantially in the form annexed hereto as Exhibit A-2, to be mailed by first-class mail, postage prepaid, or emailed to any putative Settlement Class Members that make such a request;

(c)     Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the operative Amended Complaint and the Stipulation, as well as the Full Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits A-2 and A-4, respectively, to be posted in downloadable form on a website specific to the settlement, www.ARAsecuritiessettlement.com;

(d)     Not later than fourteen (14) calendar days from the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in the national edition of *The Wall Street Journal*, or, if significantly less expensive, *The Financial Times* or *Investor's Business Daily*, and to be transmitted once over a national newswire service; and

(e)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiffs' Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.      Nominees who purchased or acquired ARAH securities for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall: (i) send the

Postcard Notice to all such beneficial owners within fourteen (14) business days after receipt of the Postcard Notice from the Claims Administrator; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) business days of receipt of the Postcard Notice from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Lead Plaintiffs' Counsel shall, if requested and provided with proper supporting documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9.      The Court finds that the Class Action Fairness Act Notice sent by ARAH complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

## II.      HEARING: RIGHT TO BE HEARD

10.      A hearing (the "Settlement Hearing") shall be held before this Court at ___:___ __.m. on _____ __, 201_, [a date that is at least 110 calendar days from the date of this Preliminary Approval Order] at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment Order, as provided in Exhibit B to the Stipulation, should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Plaintiffs' Counsel; and to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members.

11.     All opening briefs and supporting documents in support of the Stipulation, the Plan of Allocation, and any application by Lead Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing. Replies to any objections, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

12.     Any Settlement Class Member may appear and show cause why the proposed settlement of the Action as set forth in the Stipulation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Plaintiffs' Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received (and not simply postmarked) by the counsel listed below at least twenty-one (21) calendar days before the Settlement Hearing.  Moreover, said objections, papers, and briefs must be filed with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, at least twenty-one (21) calendar days before the Settlement Hearing.  Any such objection must: (a) clearly indicate the objector's name, mailing address, telephone number, and e-mail address; (b) state that the objector is objecting to the proposed Stipulation, Plan of Allocation, and/or fee and litigation expense application in *Esposito v. American Renal Assocs., et al.*, No. 16 Civ. 11797 (ADB); (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state the number of shares of ARAH publicly traded securities owned as of the beginning of trading on April 20, 2016 (the first day of the Settlement Class Period); (e) list the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of ARAH publicly traded securities during the Settlement Class Period; and (f) provide written documentation (whether from the objector's bank, broker or otherwise) of such trading.  In

6

order to be considered, an objection also must be signed by the Settlement Class Member making the objection.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as set forth in the Stipulation and the Final Judgment Order, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiffs' Counsel, unless otherwise ordered by the Court.  By objecting to the proposed settlement as set forth in the Stipulation, the Final Judgment Order, the Plan of Allocation, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Settlement Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the settlement, including, but not limited to, enforcement of the terms of the settlement (including the release of the Released Claims provided for in the Stipulation and Final Judgment Order).

**Lead Counsel for the Class**

> **Kirby McInerney LLP**, Ira M. Press, 825 Third Avenue, 16th Floor, New York, NY 10022;

**Counsel for Defendant ARAH**

> **Milbank, Tweed, Hadley & McCloy LLP**, Jed M. Schwartz, 28 Liberty Street, New York, NY 10005;

13.     Any Settlement Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Settlement Hearing.  If any Settlement Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Plaintiffs' Counsel and Defendants' Counsel so that the notice is received twenty-one (21) days prior to the Settlement Hearing.

14.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Settlement Class.

If the settlement is approved, all Settlement Class Members will be bound by the settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim.

15.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiffs' Counsel and any application for attorneys' fees or payment of expenses shall be approved.

16.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.  The Court further reserves the right to enter its Final Judgment Order approving the settlement and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

### III.     CLAIMS PROCESS

17.     Settlement Class Members who wish to participate in the settlement and receive a distribution from the Net Settlement Fund shall complete and submit Claim Forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked and filed or submitted electronically no later than one hundred twenty (120) calendar days after the Notice Date.  Each Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions therein.  In all other cases, the Claim Form shall be deemed to have been submitted when it was actually received by the Claims Administrator.

18.     Any Settlement Class Member who does not timely and validly submit a Claim Form within the time provided for shall be barred from receiving any payments pursuant to the

Stipulation, but will in all other respects be subject to and bound by all of the provisions of the Stipulation, including the release of the Released Claims provided therein, and the Final Judgment Order.  Upon the entry of the Final Judgment Order, Lead Plaintiffs, all Settlement Class Members, and anyone claiming through or on behalf of any of them, shall be enjoined and barred from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims, and conclusively shall be deemed to have released any and all such Released Claims.  Notwithstanding the foregoing, Lead Plaintiffs' Counsel shall have the discretion, but not the obligation, to accept for processing late-submitted claims so long as the distribution (or redistribution) of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs' Counsel, Lead Plaintiffs, the Claims Administrator, or Released Parties by reason of the decision to exercise such discretion whether to accept late claims.

19.     No Defendant, or any other of the Released Parties, shall have any liability, obligation, or responsibility whatsoever for the administration of the settlement or disbursement of the Net Settlement Fund.  Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to the Settlement Class Members consistent with the Plan of Allocation.

20.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Plaintiffs' Counsel.

### IV.     REQUEST FOR EXCLUSION FROM THE CLASS

21.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Claims Administrator

a signed request for exclusion ("Request for Exclusion") by first-class mail such that it is postmarked no later than twenty-one (21) calendar days before the scheduled date of the Settlement Hearing, at the address specified in the Notice.  To be valid, a Request for Exclusion must state all of the information requested by § II(G) of the Full Notice.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment Order entered in the Action.  Any Person who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Settlement Class Member, and shall be deemed by operation of law to have released any and all Released Claims.

## V.     MISCELLANEOUS

22.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     Neither Defendants, Released Parties, nor Defendants' Counsel shall have any responsibility or liability for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

24.     All Taxes, Tax Expenses, and Notice and Administrative Expenses shall be paid from the Settlement Fund without further order of the Court in a manner consistent with the provisions of the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and/or properly disbursed pursuant to ¶ IV(F)(5) of the Stipulation. In such event, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses disbursed or incurred in accordance with ¶ IV(F)(5) of the Stipulation, including all

interest earned on the Settlement Fund net of any tax liability, shall be returned to ARAH and no other Person shall have any further claim whatsoever to such amounts.

25.     All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in ¶ IV(F) of the Stipulation without further order of the Court up to a limit of $150,000.  After the Effective Date, any notice and administration costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Lead Plaintiffs' Counsel, without further order of the Court.

26.     Neither the Stipulation, whether or not consummated, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it:

(a)     shall be offered or received against any of Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of Defendants;

(b)     shall be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)     shall be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

11

provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder; and/or

        (d)    shall be construed against any of Defendants for any purpose, including without limitation as a presumption, concession, or admission that the consideration to be given thereunder represents the amount that could be or would have been recovered after trial.

        27.    Unless the settlement is terminated or not finally approved, only Settlement Class Members and Lead Plaintiffs' Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

        28.    Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until the Plan of Allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

        29.    If the Stipulation and the settlement set forth therein fail to become effective in accordance with their terms, or if the Final Judgment Order is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any Party elects to terminate the settlement), this Preliminary Approval Order (except ¶¶ 19, 23, and 26) shall be null and void, the settlement shall be deemed terminated, and the Parties shall return to their positions as of November 28, 2017, without prejudice to the rights of the Parties *status quo ante*, except that any notice and administration costs paid or incurred at the time of termination, and any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to ARAH.

        30.    All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending final determination of whether the settlement should be approved, the Lead Plaintiffs and all

Settlement Class Members are enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED: _____    _____
                                  ALLISON D. BURROUGHS
                                  UNITED STATES DISTRICT JUDGE

Exhibit A-1

Important Legal Notice authorized by the United States District Court for the District of Massachusetts about a Securities Class Action Settlement

**If you purchased or otherwise acquired American Renal Associates Holdings, Inc. ("ARAH") securities (NYSE-ARA), during the period from April 20, 2016 through August 18, 2016, inclusive, including securities purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with ARAH's April 20, 2016 offering, you may be entitled to a payment from a proposed class action settlement.**

*You may be entitled to a CASH payment.*

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.*

***Court-Ordered Legal Notice***

***ESPOSITO v. AMERICAN RENAL ASSOCS. HOLDINGS, INC. ET AL.***
**CLAIMS ADMINISTRATOR**
**C/O GCG**
**P.O. BOX 10538**
**DUBLIN, OHIO 43017-4538**

[NAME]
[ADDRESS]
[CITY] [STATE] [ZIP]
[COUNTRY]

Exhibit A-1

*Esposito v. American Renal Assocs. Holdings, Inc. et al.*, No. 16 Civ. 11797 (ADB) (D. Mass.)
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.ARASECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There is a proposed settlement of claims against American Renal Associates Holdings, Inc. ("ARAH"), certain of its officers and directors, ARAH's majority shareholder, and the underwriters of ARAH's April 2016 IPO (collectively, "Defendants"). The proposed settlement would resolve a lawsuit in which Plaintiffs allege that Defendants misled investors by issuing false and misleading public filings and statements between April 20, 2016 and August 18, 2016, inclusive (the "Settlement Class Period"), and seek money damages for violations of the federal securities laws. Defendants deny any liability, fault, misrepresentation, omission, or wrongdoing. The parties disagree on how much money, if any, could have been won if the case went to trial. If approved by the Court, the settlement will resolve the case against Defendants and will pay money to eligible Settlement Class Members.

**Who's Included?** You are included if you purchased or otherwise acquired ARAH securities during the Settlement Class Period, including securities purchased or otherwise acquired pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the "Registration Statement") filed in connection with ARAH's April 20, 2016 offering. You may have held these shares through a broker-dealer or other financial intermediary.

**What Can You Get?** The Stipulation of Settlement established a $4,000,000 cash Settlement Fund that, after payment of certain Court-approved expenses such as attorneys' fees and administration costs, is intended for distribution to Settlement Class Members in exchange for the settlement of this case and the release by Settlement Class Members of the claims described above and other related claims against Defendants and certain other parties. The settlement is explained in detail in the Full Notice, and in the Stipulation, available at the website below. The Proof of Claim and Release Form is also located at the website listed below. Your share of the Settlement Fund will depend on a number of factors, including: the number of valid Proofs of Claim that Settlement Class Members submit; the number of shares of ARAH securities that you purchased or otherwise acquired during the Settlement Class Period, including securities purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with ARAH's April 20, 2016 offering; and the dates of such purchases, acquisitions, and any sales. The exact amount, if any, of your payment will be determined according to a Court-approved Plan of Allocation (a proposed version of which is available at the website listed below). You may contact the Claims Administrator or Lead Plaintiffs' Counsel (see below) with any further questions.

**How to Get Money?** To qualify for payment, you must submit a valid Proof of Claim and Release Form to *Esposito v. American Renal Assocs. Holdings, Inc. et al.*, Claims Administrator, c/o GCG, P.O. Box 10538, Dublin, Ohio 43017-4538. PROOFS OF CLAIM ARE DUE BY _____, 201_.

**Your Other Rights.** If you do not want to be legally bound by the Stipulation of Settlement, you must exclude yourself by _____, 201_, or you will not be able to sue the Defendants for any claims relating to this case. If you exclude yourself, you cannot get money from this settlement. If you stay in the Settlement Class, you may object to the settlement by _____, 201_. The Full Notice, which can be obtained from the claims administrator at www.ARAsecuritiessettlement.com, or from Lead Plaintiffs' Counsel at the website listed below, explains how to exclude yourself from, or object to, the settlement. The Court will hold a hearing in this case on _____,

For more information or a Claim Form: Email info@ARAsecuritiessettlement.com or call (888) 684-5083 or visit www.ARAsecuritiessettlement.com or www.kmllp.com.
**Do not contact the Court, Defendants or their counsel in this Action with questions.**

Exhibit A-1

*Esposito v. American Renal Assocs. Holdings, Inc. et al.*, No. 16 Civ. 11797 (ADB) (D. Mass.)
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.ARASECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

201_ at _____ [a.m./p.m.] to consider whether to approve the settlement, Plan of Allocation, and a request by the lawyers representing all Settlement Class Members for up to 33% in attorneys' fees, plus expenses not to exceed $50,000, for litigating the case and negotiating the settlement, and payment of an incentive award of up to $10,000 for the Lead Plaintiffs for their respective contributions to this lawsuit.  You may attend the hearing and ask to be heard by the Court, but you do not have to.  If you do not take any action, you will be legally bound by the Stipulation of Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Defendants and certain other parties.

**Lead Plaintiffs' Counsel.** Ira M. Press, Esq., Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, NY  10022, Toll Free: (888) 529-4787. Email: ipress@kmllp.com

For more information or a Claim Form: Email info@ARAsecuritiessettlement.com or call (888) 684-5083 or visit www.ARAsecuritiessettlement.com or www.kmllp.com.
**Do not contact the Court, Defendants or their counsel in this Action with questions.**

Exhibit A-2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESPOSITO v. AMERICAN RENAL ASSOCS. HOLDINGS, INC. ET AL. | Case No. 16 Civ. 11797 (ADB) |
| | **CLASS ACTION** |

**NOTICE OF SETTLEMENT OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING, AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**A Federal Court Authorized This Notice.  This Is Not A Solicitation From A Lawyer.**

TO:   **ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED AMERICAN RENAL ASSOCIATES HOLDINGS, INC. ("ARAH") SECURITIES (NYSE-ARA) DURING THE PERIOD FROM APRIL 20, 2016 THROUGH AUGUST 18, 2016, INCLUSIVE, INCLUDING ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED ARAH SECURITIES PURSUANT OR TRACEABLE TO THE REGISTRATION STATEMENT FILED IN CONNECTION WITH ARAH'S APRIL 20, 2016 OFFERING, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.   CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH BELOW[1]**

- PLEASE READ THIS NOTICE CAREFULLY.

- IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

- YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.

- TO RECEIVE MONEY FROM THIS SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") POSTMARKED ON OR BEFORE _____ __, 201_.

- IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MAY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT BY SENDING A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____ __, 201_.

- IF YOU RECEIVED THIS NOTICE ON BEHALF OF A SETTLEMENT CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT SETTLEMENT CLASS MEMBER.

YOU ARE HEREBY NOTIFIED AS FOLLOWS:[2]

A proposed settlement has been reached by the Parties in the class action pending in the United States District Court for the District of Massachusetts (the "District Court"), which was brought on behalf of the Settlement Class.  The District Court has preliminarily approved the settlement, the terms of which are set forth in the Stipulation, which is available at

---

[1] All capitalized terms that are not defined in this Notice have the meaning ascribed to them in the Stipulation of Settlement (the "Stipulation") dated January 30, 2018, which is available on the website established for the settlement at www.ARAsecuritiessettlement.com.

[2] A copy of this Notice may be found at www.ARAsecuritiessettlement.com.

www.ARAsecuritiessettlement.com and has preliminarily certified the Settlement Class for purposes of settlement only.  You have received this Notice because the Parties' records indicate that you may be a member of the Settlement Class.  This Notice is designed to inform you of your rights, how you can submit a Claim Form, and how you can comment in favor of the settlement or object to the settlement.  If the settlement is finally approved by the District Court, the Stipulation and terms set forth therein will be binding upon you, unless you exclude yourself, even if you do not submit a Claim Form to obtain money from the Net Settlement Fund and even if you object to the settlement.

A hearing to be held by the District Court on notice to the Settlement Class, to consider approval of the settlement, the Plan of Allocation, and the Fee and Expense Application (the "Settlement Hearing") will be held before the Honorable Allison D. Burroughs, United States District Court Judge, in Courtroom 17, 5th Floor, at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 at ___:_____ __.m. on _____, 201_.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES.  IT IS BASED ON CONTENTIONS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THE LAWSUIT AND OF THE FINAL SETTLEMENT HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THE LAWSUIT.**

## I.       BACKGROUND OF THE LAWSUIT

On August 31, 2016, a putative class action captioned *Gelsleichter v. American Renal Assocs. Holdings, Inc.*, No. 16 Civ. 6841 (S.D.N.Y.) (the "*Gelsleichter* Action"), was filed in the United States District Court for the Southern District of New York.  Two days later, on September 2, 2016, the instant action was filed in the United States District Court for the District of Massachusetts.  On October 28, 2016, the plaintiff in the *Gelsleichter* Action voluntary dismissed that case.  By Order entered on November 30, 2016, the District Court appointed Errol Rudman and Rudman Partners, L.P. as Lead Plaintiffs, and appointed Kirby McInerney LLP as Lead Plaintiffs' Counsel.

Lead Plaintiffs filed their Amended Complaint on February 1, 2017 against ARAH, Joseph A. Carlucci, Johnathan L. Wilcox, Syed T. Kamal, and Jonathan J. McDonough (the "Individual Defendants"), Centerbridge Capital Partners L.P. ("Centerbridge"), Merrill Lynch, Pierce, Fenner & Smith, Inc., Barclays Capital Inc., Goldman, Sachs & Co. (now known as Goldman Sachs & Co. LLC), Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC (the "Underwriter Defendants" and, together with ARAH, Individual Defendants, and Centerbridge, the "Defendants").  The Amended Complaint alleged violations of: (i) Section 11 of the Securities Act of 1933 (15 U.S.C. § 77k) against all Defendants except Jonathan J. McDonough; (ii) Section 15 of the Securities Act of 1933 (15 U.S.C. § 77o) against Centerbridge and Individual Defendants, except Jonathan J. McDonough; (iii) Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), against ARAH and Individual Defendants; and (iv) Section 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78t(a)) against Centerbridge and Individual Defendants.  On May 18, 2017, Defendants moved to dismiss the Amended Complaint.  On October 23, 2017, Lead Plaintiffs' Counsel filed a letter with the Court informing the Court that Lead Plaintiffs and ARAH had agreed to participate in mediation in an attempt to reach an amicable resolution of the Action and requesting that the Court hold in abeyance Defendants' motions to dismiss until after the mediation.

On November 27, 2017, counsel for Lead Plaintiffs and ARAH participated in a mediation conducted by Jed D. Melnick, Esq. of JAMS.  Following the mediation, the Parties were able to reach agreement to settle this Action for $4 million.

The settlement allows both sides to avoid the risks and cost of uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay.  Lead Plaintiffs and their counsel

believe the settlement is best for all Settlement Class Members.  On November 28, 2017, the Parties agreed in principle to the settlement which was thereafter memorialized in the Stipulation.

Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action and the Amended Complaint.  Defendants have asserted, and continue to assert, many defenses thereto, and expressly deny any wrongdoing or legal liability arising out of any of the conduct alleged in the Action and the Amended Complaint.  Neither the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing or liability whatsoever or the lack of merit of any defense that had been or could have been asserted to such claims.  The District Court has not ruled on the merits of whether Defendants violated the securities laws, or any other laws or rules.

Lead Plaintiffs and Defendants, and their counsel, have concluded that the settlement is advantageous, considering the risks and uncertainties for each side of continued litigation.  Lead Plaintiffs and their counsel have determined that the settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members.  Defendants have agreed to the settlement solely to eliminate the burden and expense of further protracted litigation.

The Stipulation creates a Settlement Fund in the amount of $4,000,000 in cash, plus interest that accrues on the fund prior to distribution.  Your recovery from the Settlement Fund will depend on a number of variables, such as: the number of ARAH securities that you purchased or otherwise acquired between April 20, 2016 and August 18, 2016, inclusive (the "Settlement Class Period"), including the number of ARAH securities that you purchased or otherwise acquired pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the "Registration Statement") filed in connection with ARAH's April 20, 2016 offering; and the timing of your purchases and any sales.  Lead Plaintiffs estimate that if all eligible Claimants submit a valid Claim Form, the average distribution per damaged ARAH security will be approximately $0.46 before deduction of Court-approved fees, expenses, and incentive awards.  Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially affected ARAH securities. Settlement Class Members may recover more or less than the amount estimated herein, depending on the number of shares that are the subject of valid timely claims by Settlement Class Members.

Lead Plaintiffs and the Defendants do not agree on the average amount of damages per ARAH share that would be recoverable if Lead Plaintiffs were to have prevailed in the Action.  The issues on which the Parties disagree include: (1) whether any of Defendants' Settlement Class Period statements, including in materials in connection with ARAH's April 2016 IPO, were materially false or misleading; (2) if any statements were false or misleading, whether Defendants knew or recklessly disregarded this fact; and (3) whether, and to what extent, any of Defendants' allegedly false or misleading statements artificially inflated the price of ARAH securities during the Settlement Class Period.

Lead Plaintiffs' Counsel, who have been prosecuting this Action on a wholly-contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and they have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Lead Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees in the amount of 33% of the Settlement Fund.  In addition, Lead Plaintiffs' Counsel will apply for reimbursement of litigation expenses (exclusive of administration costs) paid or incurred in connection with the prosecution and resolution of the claims against the Defendants, in an amount not to exceed $50,000.  Lead Plaintiffs may ask the Court for up to $10,000 as an incentive award for their respective contributions to this lawsuit.  Any fees, expenses, or incentive awards awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the settlement is approved, Lead Plaintiffs' Counsel's fee and expense application is granted in its entirety, and Lead Plaintiffs are awarded an incentive award, the average cost per ARAH share of these fees, expenses, and incentive awards will be approximately $0.16.

Lead Plaintiffs and the Settlement Class are being represented by Kirby McInerney LLP.  Any questions regarding the Action or the settlement should be directed to Ira Press, Esq. at Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, NY 10022, (212) 371-6600.

**Your Legal Rights and Options in the Settlement:**

| | |
|---|---|
| Submit A Claim Form By [] [ ], 201_ | This is the only way to be eligible to get a payment in connection with the settlement. |
| Exclude Yourself From The Settlement Class By Submitting A Written Request Postmarked No Later Than [ ] [ ], 201_ | If you exclude yourself from the Settlement Class, you will not be eligible to get any payment from the Net Settlement Fund.  This is the only option that allows you to be part of any other lawsuit against any of Defendants or the other Released Parties concerning the Released Claims (defined below). |
| Object To The Settlement or the Request for Fees, Expenses, and Incentive Awards By Submitting A Written Objection No Later Than [] [ ], 201_ | If you do not like the proposed settlement, the proposed Plan of Allocation, or the Fee and Expense Application, you may write to the District Court and explain why you do not like them.  You cannot object to the settlement, the Plan of Allocation, or the Fee and Expense Application unless you are a Settlement Class Member and do not exclude yourself. |
| Go To The Settlement Hearing On [ ] [ ], 201_ At [ ] [ ].M., And File A Notice Of Intention To Appear No Later Than [ ] [ ], 201_ | Filing a written objection and notice of intention to appear allows you to speak in court about the fairness of the settlement, the Plan of Allocation, and/or the Fee and Expense Application.  If you submit a written objection, you may (but do not have to) attend the hearing and speak to the District Court about your objection. |
| Do Nothing | If you are a member of the Settlement Class and you do not submit a Claim Form by [ ] [ ], 201_, you will not be eligible to receive any payment from the Net Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the settlement and you will be bound by any Judgments or Orders entered by the District Court pertaining to the Action. |

**[END OF COVER PAGE]**

## II.    FREQUENTLY ASKED QUESTIONS CONCERNING THE SETTLEMENT

### A.    <u>Why Did I Get This Notice?</u>

This Notice is being sent to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired ARAH securities during the Settlement Class Period.  The District Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed settlement.  If the District Court approves the settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs' Counsel and approved by the Court will make payments pursuant to the Stipulation and the court-approved Plan of Allocation after any objections and appeals are resolved.  This Notice is also being sent to inform you of a hearing to be held by the District Court to consider the fairness, reasonableness, and adequacy of the settlement, the proposed Plan of Allocation, and the Fee and Expense Application.

In a class action lawsuit, the court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class.  The District Court has preliminarily certified this Action to proceed as a class action for settlement purposes only and preliminarily certified the Lead Plaintiffs as the representative for the Settlement Class.

This Notice does not express any opinion by the District Court concerning the merits of any claim in the Action.  The District Court has to decide whether to approve the settlement.  If the Court approves the settlement and the Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

**B.**     <u>**What Does The Settlement Provide?**</u>

In exchange for the release of the Released Claims against each of Defendants and the other Released Parties, as well as dismissal of the litigation against Defendants, ARAH has agreed to pay, or cause to be paid, the sum of four million United States dollars ($4,000,000), plus interest earned thereon for the benefit of the Settlement Class.  The Settlement Fund less all Taxes, Notice and Administration Costs, and Fee and Expense Award paid out of the Settlement Fund in accordance with applicable orders of the District Court (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in a valid Proof of Claim.  The Proof of Claim is described in more detail in Section F below.

**C.**     <u>**Am I Included In The Settlement?**</u>

You are included in the settlement if you purchased or otherwise acquired ARAH securities during the Settlement Class Period, including securities purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with ARAH's April 20, 2016 offering, and were damaged thereby.  Excluded from the Settlement Class are Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice (*see* pages ___ below).

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____ __, 201_.**

**D.**     <u>**What Might Happen If There Were No Settlement?**</u>

If there were no settlement, and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the Settlement Class would recover anything from Defendants.

**E.**     <u>**What Is The Legal Effect Of The Settlement On My Rights?**</u>

If you are a member of the Settlement Class, the settlement will affect you.  If the District Court grants final approval of the settlement, the Action will be dismissed with prejudice and all Settlement Class Members will fully release and discharge Defendants from all claims (as detailed below) for relief arising out of or based on Lead Plaintiffs' allegations.  When a Person "releases" claims, that means that Person cannot sue Defendants for any of the claims covered by the release.  If you are a Settlement Class Member and you submit a valid and timely Claim Form, you will receive a payment based upon the distribution formula described below.

**F.      What Will I Receive From The Settlement?**

At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the settlement.  Pursuant to the Stipulation, ARAH has agreed to pay, or cause to be paid, $4,000,000 in cash.  The Settlement Amount will be deposited into an interest-bearing escrow account.  If the settlement is approved by the District Court, the Net Settlement Fund will be distributed to Settlement Class Members as set forth in the proposed Plan of Allocation, or such other plan as the District Court may approve.

After approval of the settlement by the District Court and upon satisfaction of the other conditions of the settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the District Court.  Under the proposed Plan of Allocation, your share of the Net Settlement Fund will depend on:  (1) the dates you acquired or sold your ARAH securities; (2) the number of ARAH securities acquired or sold and the price paid or received; (3) the expense of administering the claims process; (4) any attorneys' fees and expenses awarded by the Court; (5) interest income received and taxes paid by the Settlement Fund; (6) the number of eligible ARAH securities purchased or otherwise acquired by other Settlement Class Members who submit timely and valid Proof of Claim Forms; and (7) the Recognized Losses of all other Authorized Claimants computed in accordance with the Plan of Allocation set out on pages _____ below.

You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation. In the event the aggregate Recognized Losses of all timely and validly submitted Proof of Claim Forms exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less than your calculated Recognized Loss.  It is unlikely that you will get a payment for all of your Recognized Loss.  After all Settlement Class Members have sent in their Proof of Claim Forms, the payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members who submit timely and valid Proof of Claim Forms (the "*Pro Rata* Share").  *See* the Plan of Allocation on pages ___ for more information on your Recognized Loss.

The Net Settlement Fund will not be distributed until the District Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

Neither ARAH nor any other Person that paid any portion of the Settlement Amount is entitled to get back any portion of the Net Settlement Fund once the District Court's Order and Final Judgment approving the settlement becomes final.  Defendants will not have any liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Approval of the settlement is independent from approval of the Plan of Allocation.  Any determination with respect to the Plan of Allocation will not affect the settlement, if approved.

Each Person wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, and including all required documentation, postmarked on or before _____ __, 201_, to the address set forth in the Claim Form that accompanies this Notice.

Unless the District Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____ __, 201_, shall be fully and forever barred from receiving payments pursuant to the settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation that is approved, including the terms of any judgment entered and releases given.

The District Court has reserved jurisdiction to allow, disallow, or adjust the Claim of any Settlement Class Member on equitable grounds.

Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her, or its Claim Form.  Upon request of the Claims Administrator, each Person that submits a Claim Form shall subject his, her, or its Claim to investigation as to his, her, or its status as a Claimant and the allowable amount of his, her, or its Claim.

Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Claim Form.

**Proposed Plan Of Allocation**

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Claim Forms.  If you have a net loss on all transactions in ARAH securities during the Settlement Class Period, you will be paid the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  The calculation of Claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Each Authorized Claimant's Recognized Loss will be calculated as follows:

A.   For ARAH securities purchased or otherwise acquired in ARAH's April 2016 IPO at $22.00 per share:

    (1)   For each share sold before August 19, 2016, the Recognized Loss shall be zero.

    (2)   For each share still held after August 18, 2016, the Recognized Loss shall be $2.19 per share.

B.   For ARAH securities purchased or otherwise acquired from April 21, 2016 through July 1, 2016:

    (1)   For each share sold before July 2, 2016, the Recognized Loss shall be zero.

    (2)   For each share sold from July 2, 2016 through July 26, 2016, the Recognized Loss shall be the difference between (a) lesser of purchase price and $28.53 per share, and (b) greater of sale price and $25.71 per share.

    (3)   For each share sold from July 27, 2016 through August 18, 2016, the Recognized Loss shall be the difference between (a) lesser of purchase price and $28.53 per share, and (b) greater of sale price and $24.41 per share.

    (4)   For each share still held after August 18, 2016, the Recognized Loss shall be the lesser of: (a) purchase price minus $24.41, plus $2.31 per share, and (b) $6.43.

C.   For ARAH securities purchased or otherwise acquired from July 2, 2016 through July 27, 2016:

    (1)   For each share sold before July 27, 2016, the Recognized Loss shall be zero.

    (2)   For each share sold from July 27, 2016 through August 18, 2016, the Recognized Loss shall be the difference between (a) lesser of purchase price and $26.59 per share, and (b) greater of sale price and $24.41 per share.

    (3)   For each share still held after August 18, 2016, the Recognized Loss shall be the lesser of: (a) purchase price minus $24.41, plus $2.31 per share, and (b) $4.49.

D.   For ARAH securities purchased or otherwise acquired from July 28, 2016 through August 18, 2016:

    (1)   For each share sold before August 19, 2016, the Recognized Loss shall be zero.

(2) For each share still held after August 18, 2016, the Recognized Loss shall be the lesser of: (a) purchase price minus $19.81, and (b) $2.31.

To the extent an Authorized Claimant had an aggregate gain from his, her or its transactions in ARAH securities during the Settlement Class Period, the value of his, her or its total Recognized Loss will be zero.  To the extent that an Authorized Claimant suffered an overall loss on his, her or its transactions in ARAH securities during the Settlement Class Period, but the loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss.  Purchases that were made in order to cover short sales are ineligible and will not be included in the Recognized Loss calculation; however, any aggregate gains with respect to short sales shall be offset against the Recognized Loss on other transactions.  All purchases/acquisitions and sales of ARAH shares during the Settlement Class Period shall be matched on a Last-In-First-Out ("LIFO") basis.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" or "payment" date.  However, for ARAH securities that were put to investors pursuant to put options sold by those investors, the purchase of ARAH securities shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the ARAH securities were subsequently put to the investor pursuant to that option.  The proceeds of any put option sales shall be offset against any losses from ARAH securities that were purchased as a result of the exercise of the put option.  Additionally, ARAH securities acquired during the Settlement Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Claim arising from such transaction shall be computed as provided for other purchases of ARAH securities as set forth herein.

The receipt or grant by gift, devise or inheritance of ARAH securities during the Settlement Class Period shall not be deemed to be a purchase of ARAH securities for the calculation of an Authorized Claimant's Recognized Loss if the Person from which the ARAH securities were received did not themselves acquire the securities during the Settlement Class Period, nor shall it be deemed an assignment of any claim relating to the purchase of such ARAH securities unless specifically provided in the instrument or gift or assignment.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if the Authorized Claimant had a net loss, after all profits from transactions in ARAH securities during the Settlement Class Period are subtracted from all losses from transactions in ARAH securities during the Settlement Class Period.

If an Authorized Claimant's distribution amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Distributions will be made to Authorized Claimants after all Claims have been processed and after the District Court has finally approved the settlement.  If there is any balance remaining in the Net Settlement Fund six months from the date of distribution of the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable efforts to have Authorized Claimants cash their distributions, and if it is economically feasible, any balance remaining in the Net Settlement Fund shall be redistributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  Lead Plaintiffs' Counsel shall, if economically feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above.  In the event that Lead Plaintiffs' Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer economically feasible, thereafter Lead Plaintiffs' Counsel shall donate the remaining funds, if any, to a non-sectarian, not-for-profit 501(c)(3) organization, to be designated by Lead Plaintiffs' Counsel and approved by the District Court.

Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the District Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants, and their respective counsel or any of the other Released Parties, or the Claims Administrator or other agent

designated by Lead Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the District Court, or further orders of the District Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the settlement funds, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Plaintiffs' Counsel to the District Court for approval. The District Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.ARAsecuritiessettlement.com.

### G.   Can I Decide To Opt Out Of This Settlement?

Yes. If you do not wish to be included in the Settlement Class and you do not wish to participate in the settlement, you may request to be excluded. To do so, you must submit a written request for exclusion that must be signed by you or your authorized representative and postmarked on or before _____ __, 201_. You must set forth: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the amount of ARAH securities purchased, acquired and/or sold during the Settlement Class Period; (c) prices paid or received for such ARAH securities; (d) the date of each purchase, acquisition or sale transaction; and (e) a statement that the Person wishes to be excluded from the Settlement Class.

The exclusion request should be addressed as follows:

*Esposito v. American Renal Assocs. Holdings, Inc. et al.* - EXCLUSION REQUEST
Claims Administrator
c/o GCG
P.O. Box 10538
Dublin, Ohio 43017-4538

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST AND RECEIVED WITHIN THE TIME STATED ABOVE, OR IS OTHERWISE ACCEPTED BY THE COURT.**

If you timely and validly request exclusion from the Settlement Class, (a) you will be excluded from the Settlement Class, (b) you will not share in the proceeds of the settlement described herein, (c) you will not be bound by any judgment entered in the case, and (d) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the litigation. Defendants may withdraw from and terminate the settlement if Settlement Class Members who purchased the requisite number of ARAH securities exclude themselves from the Settlement Class.

### H.   What If A Settlement Class Member Is Deceased?

The authorized legal representative(s) of a Settlement Class Member may receive a recovery on behalf of the Settlement Class Member.

### I.   What If I Bought ARAH Securities On Someone Else's Behalf?

If you purchased or otherwise acquired ARAH securities during the Settlement Class Period for the beneficial interest of a Settlement Class Member, you must either (a) send copies of the Postcard Notice to the beneficial owners of the ARAH

securities within fourteen (14) business days from the receipt of the Postcard Notice; or (b) provide the names and addresses of such persons or entities to *Esposito v. American Renal Assocs. Holdings, Inc. et al.*, Claims Administrator, c/o GCG, P.O. Box 10538, Dublin, Ohio 43017-4538.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought.

Copies of this Notice and the Claim Form can be obtained from the website maintained by the Claims Administrator, www.ARAsecuritiessettlement.com, by calling the Claims Administrator toll-free at (888) 684-5083, or from Lead Plaintiffs' Counsel's website, www.kmllp.com.

**J.      How And What Do I Do To Make Sure The Claims Administrator Has My Correct Address?**

If your address changes from the address to which this Notice was directed, you must notify the Claims Administrator of your new address as soon as possible.  Failure to keep the Claims Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive.  Please send your new contact information to the Claims Administrator at the address listed below and include your old address, new address, new telephone number, date of birth, and Social Security number.  These last two items are required so that the Claims Administrator can verify that the address change is from an actual Settlement Class Member.

*Esposito v. American Renal Assocs. Holdings, Inc. et al.* – ADDRESS CHANGE
Claims Administrator
c/o GCG
P.O. Box 10538
Dublin, Ohio 43017-4538

**K.      What Are Lead Plaintiffs' Counsels' Fees And Costs?**

At the Settlement Hearing, Lead Plaintiffs' Counsel will request that the District Court award attorneys' fees of 33% of the Settlement Fund, plus expenses (exclusive of administration costs) not to exceed $50,000 which were incurred in connection with the litigation of the Action, plus interest thereon at the same rate as earned on the Settlement Amount.  Whatever amount is approved by the Court as legal fees and expenses will be paid from the Settlement Fund.

To date, Lead Plaintiffs' Counsel have not received any payment for their services in conducting this Action, nor have counsel been reimbursed for their substantial expenses.  The fees requested by Lead Plaintiffs' Counsel will compensate Lead Plaintiffs' Counsel for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this representation on a wholly contingent basis.  If the amount requested is approved by the Court, the average cost per damaged ARAH share will be $0.16.

**L.      How Will the Notice Costs and Expenses Be Paid?**

Lead Plaintiffs' Counsel are authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement, and distributing the Net Settlement Fund to Settlement Class Members.

**III.      LEAD PLAINTIFFS AND LEAD PLAINTIFFS' COUNSEL SUPPORT THE SETTLEMENT**

Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiffs and their Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial.  The immediate cash benefits under the settlement must be considered against the significant risk that a smaller recovery – or

indeed no recovery at all in light of the pending motions to dismiss the Action– might be achieved after heavily contested motions, a contested trial and likely appeals, a process that could be expected to last several years into the future.

In light of the value of the settlement and the immediacy of a cash recovery to the Settlement Class, Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the proposed settlement is fair, reasonable, and adequate. Indeed, Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the settlement achieved is an excellent result and in the best interests of the Settlement Class. The settlement, which provides an immediate $4,000,000 in cash (less the various deductions described in this Notice), individually and collectively provides substantial benefits now as compared to the risk that a similar, smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future.

## IV.    WHAT OPPORTUNITY WILL I HAVE TO GIVE MY OPINION ABOUT THE SETTLEMENT?

### A.    How Can I Object To The Settlement, Plan of Allocation, and Fee and Expense Application?

Any Settlement Class Member who does not request exclusion may object to the settlement, the proposed Plan of Allocation, and/or the Fee and Expense Award Application. Objections must be in writing and signed by the Settlement Class Member making the objection. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below on or before _____ __, 201_. Your written objection should state that you are objecting to the proposed settlement, Plan of Allocation, and/or Fee and Expense Award Application in *Esposito v. American Renal Assocs. Holdings, Inc., et al.*, No. 16 Civ. 11797 (ADB) and should include all reasons for the objection, including any legal and evidentiary support you wish to bring to the Court's attention. The objection must also include your name, address, telephone number, email address, and the number of ARAH securities you purchased, acquired, or sold during the Settlement Class Period, including the number of ARAH securities that you purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with ARAH's April 20, 2016 offering, with written proof of your purchases, acquisitions, or sales of ARAH securities (whether from your bank, broker or otherwise). You must also serve the papers on designated representative Lead Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below for their respective counsel so that the papers are ***received*** on or before _____ __, 201_.

To be considered, your objection must be filed with the Clerk's Office no later than _____ __, 201_, and sent to:

| Clerk's Office | Defendants' Counsel | Lead Plaintiffs' Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Massachusetts<br>John Joseph Moakley United States Courthouse<br>1 Courthouse Way<br>Boston, Massachusetts 02210<br>Re: *Esposito v. American Renal Assocs.*<br>*Holdings, Inc. et al.*, No. 16 Civ. 11797 (ADB) | Jed M. Schwartz, Esq.<br>**Milbank, Tweed, Hadley &**<br>**McCloy LLP**<br>28 Liberty Street<br>New York, NY 10005<br><br>*Counsel for ARAH* | Ira M. Press, Esq.<br>**Kirby McInerney LLP**<br>825 Third Avenue,<br>16th Floor<br>New York, NY 10022<br><br>*Counsel for Lead Plaintiffs*<br>*and the Class* |

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the settlement, Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. You are not required, however, to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you file and serve a timely written objection as described above and wish to be heard orally at the Settlement Hearing in

opposition to the approval of the settlement, the Plan of Allocation, or the Fee and Expense Application, you must file a notice of appearance with the Clerk's Office and serve it on the Claims Administrator at the address set forth above.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

**Unless the District Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed settlement, the proposed Plan of Allocation, the Attorneys' Fee and Expense Application, and Lead Plaintiffs' request for an incentive award.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## B.     What Rights Am I Giving Up By Remaining In The Class?

If you remain in the Settlement Class, you will be bound by any orders issued by the District Court.  For example, if the District Court approves the settlement, the District Court will enter the Final Judgment Order.  The Final Judgment Order will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of such order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims, regardless of whether such Settlement Class Member executes and delivers the Claim Form, and that Lead Plaintiffs and each of the Settlement Class Members shall be forever barred and enjoined from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

"Released Claims" means any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, (1) the purchase, sale, or other acquisition or disposition, or holding, of ARAH securities during the Settlement Class Period, and/or (2) any conduct alleged in the Action or that could have been alleged in the Action against any of the Defendants or the other Released Parties.

"Released Parties" means all and each of Defendants, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all and each of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, and insurers (including the Insurer), and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing.

"Unknown Claims" means any Released Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the grant of such release, which if known by him, her or it might have affected their decision(s) with respect to the settlement of the Action.  It is the intention of the Parties hereto that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment Order shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of any statute or law, which is similar, comparable,

equivalent to, or which has the effect of, California Civil Code §1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Lead Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that he, she or it is aware that they may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matters of the Released Claims, but that it is his, her, or its intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. In entering and making the Stipulation, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law. The Parties acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the release of such unknown claims was separately bargained for and was a key element of the Stipulation.

## V.      SETTLEMENT HEARING

The District Court will hold a Settlement Hearing at ___:___ __.m. on _____ __, 201_ before the Honorable Allison D. Burroughs, United States District Court Judge, in Courtroom 17, 5th Floor, at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The District Court will also be asked to approve the proposed Plan of Allocation and the Fee and Expense Award. The District Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Plaintiffs' Counsel.

**Settlement Class Members do not need to attend the Settlement Hearing. The District Court will consider any submission made in accordance with the provisions in this Notice even if the Settlement Class Member does not attend the hearing. You can participate in the settlement without attending the Settlement Hearing. You are not obligated to attend the Settlement Hearing.**

## VI.      GETTING MORE INFORMATION

This Notice is a summary and does not describe all of the details of the Stipulation. For precise terms and conditions of the settlement, you may review the Stipulation filed with the District Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, at www.ARAsecuritiessettlement.com, or from Lead Plaintiffs' Counsel's website, www.kmllp.com. Settlement Class Members without access to the internet may be able to review this document online at locations such as a public library.

If you have any questions about the settlement of the Action, you may contact Lead Plaintiffs' Counsel:

Ira M. Press, Esq.
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600

You may also call or write to the Claims Administrator at *Esposito v. American Renal Assocs. Holdings, Inc. et al.*, c/o GCG, P.O. Box 10538, Dublin, Ohio 43017-4538 or email info@ARAsecuritiessettlement.com or call (888) 684-5083, stating that you are requesting assistance regarding the ARAH litigation.

**DO NOT TELEPHONE OR WRITE THE DISTRICT COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

DATED: _____, 201_       BY ORDER OF THE DISTRICT COURT,
                                            UNITED STATES DISTRICT COURT
                                            DISTRICT OF MASSACHUSETTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| ESPOSITO v. AMERICAN RENAL ASSOCS. HOLDINGS, INC. ET AL. | Case No. 16 Civ. 11797 (ADB) |
| | **CLASS ACTION** |

---

## SUMMARY NOTICE

**TO:   ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED AMERICAN RENAL ASSOCIATES HOLDINGS, INC. ("ARAH") SECURITIES (NYSE-ARA) DURING THE PERIOD FROM APRIL 20, 2016 THROUGH AUGUST 18, 2016, INCLUSIVE, INCLUDING ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED ARAH SECURITIES PURSUANT OR TRACEABLE TO THE REGISTRATION STATEMENT FILED IN CONNECTION WITH ARAH'S APRIL 20, 2016 OFFERING, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Massachusetts (the "District Court") and Rule 23 of the Federal Rules of Civil Procedure, that a hearing will be held at ___:_____ __.m. on _____ __, 201_ before the Honorable Allison D. Burroughs, United States District Court Judge, in Courtroom 17, 5th Floor, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 for the purpose of determining: (1) whether the proposed settlement of the Action for the principal amount of $4,000,000, plus accrued interest, should be approved by the District Court as fair, reasonable, and adequate; (2) whether the Order and Final Judgment should be entered by the District Court dismissing the Action with prejudice; (3) whether the proposed Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; and (4) whether the Fee and Expense Application should be approved.  In connection with the Fee and Expense Application, Lead Plaintiffs' Counsel will request attorneys' fees of 33% of the Settlement Fund, plus expenses (exclusive of administration costs) not to exceed $50,000, and Lead Plaintiffs may ask the Court for up to $10,000 as an incentive award for their respective contributions to this lawsuit.

If you purchased or otherwise acquired ARAH securities during the period from April 20, 2016 through August 18, 2016, inclusive, including securities purchased or otherwise acquired pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the "Registration Statement") filed in connection with ARAH's April 20, 2016 offering, your rights may be affected by the settlement of the Action.  If you have not received a detailed Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion For an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Full Notice") and a copy of the Proof of Claim and Release ("Claim Form"), you may obtain copies by: writing to *Esposito v. American Renal Assocs. Holdings, Inc. et al.*, Claims Administrator, c/o GCG, P.O. Box 10538, Dublin, Ohio 43017-4538; or emailing info@ARAsecuritiessettlement.com; or calling (888) 684-5083; or on the internet at www.ARAsecuritiessettlement.com; or from Lead Plaintiffs' Counsel's website at www.kmllp.com.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form, postmarked on or before

_____, 201_, in the manner and form explained in the detailed Full Notice referred to above, establishing that you are entitled to recovery.

If you wish to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by no later than _____, 201_, in the manner and form explained in the detailed Full Notice referred to above.  All members of the Settlement Class who have not timely and validly requested exclusion from the Settlement Class will be bound by any judgments or orders entered by the Court in the Action pursuant to the Stipulation of Settlement dated as of January 30, 2018.  If you properly and timely exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the settlement.

Any objections to any aspect of the proposed settlement, the proposed Plan of Allocation, Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses, or Lead Plaintiffs' request for an incentive award must be filed with the Court and delivered to designated representative Lead Plaintiffs' Counsel and counsel for Defendants such that they are ***received* no later than** _____**, 201__,** in accordance with the instructions set forth in the Full Notice.

**PLEASE DO NOT CONTACT THE DISTRICT COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Plaintiffs' Counsel:

Ira Press, Esq.
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600

DATED: _____, 201_          BY ORDER OF THE DISTRICT COURT,
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESPOSITO v. AMERICAN RENAL ASSOCS. HOLDINGS, INC. ET AL | Case No. 16 Civ. 11797 (ADB) <br><br> **CLASS ACTION** |

## PROOF OF CLAIM AND RELEASE

### I.   GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *Esposito v. American Renal Assocs. Holdings, Inc. et al.*, No. 16 Civ. 11797 (ADB) (D. Mass.) (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release Form (the "Claim Form").  If you fail to file a properly addressed Claim Form (as set forth in section 3 below), your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement in the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE _____ __, 201_, ADDRESSED AS FOLLOWS:

*Esposito v. American Renal Assocs. Holdings, Inc. et al.*
Claims Administrator
c/o GCG
P.O. Box 10538
Dublin, Ohio 43017-4538

---

[1] Otherwise undefined terms have the definitions provided in the Stipulation of Settlement, dated January 30, 2018 (the "Stipulation").

You may also write to the Claims Administrator by email to info@ARAsecuritiessettlement.com or call (888) 684-5083, stating that you are requesting assistance regarding the ARA litigation.

If you are NOT a Member of the Settlement Class, as defined in the Full Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Full Notice"), DO NOT submit a Claim Form.

4.      If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.      DEFINITIONS

1.      "Defendants" means American Renal Associates Holdings, Inc. ("ARAH"), Joseph A. Carlucci, Johnathan L. Wilcox, Syed T. Kamal, Jonathan J. McDonough, Centerbridge Capital Partners L.P., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Barclays Capital Inc., Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC.

2.      "Released Parties" and "Released Claims" are defined below.

## III.      CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired ARAH securities between April 20, 2016 and August 18, 2016, inclusive, including securities purchased or otherwise acquired pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the "Registration Statement") filed in connection with ARAH's April 20, 2016 offering, and held the securities in your name, you are the beneficial purchaser, as well as the record purchaser.  If, however, the ARAH securities were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third-party is the record purchaser.

2

2.      In Section IV below, use Part I of the form entitled "Claimant Identification" to identify each purchaser of record, if different from the beneficial purchaser of the ARAH securities that form the basis of this Claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF ARAH SECURITIES UPON WHICH THIS CLAIM IS BASED, *NOT* THE RECORD PURCHASER.

3.      All joint purchasers must sign this Claim Form.   Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.      Use Part II of this Claim Form, entitled "Schedule of Transactions in ARAH Securities," to supply all required details of your transaction(s) in ARAH securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of ARAH securities that took place during the Settlement Class Period, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your Claim.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

3

4.      The date of covering a "short sale" is deemed to be the date of purchase of ARAH securities.  The date of a "short sale" is deemed to be the date of sale of ARAH securities.

5.      Broker confirmations or other documentation of your transactions in ARAH securities *must* be attached to your Claim.  Do *not* send original documents, including security certificates.  If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies.  Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

6.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the Claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*Esposito v. American Renal Assocs. Holdings, Inc. et al.*,

Case No. 16 Civ. 11797 (ADB)

CLAIM FORM

Must be Postmarked No Later Than:

_____ __, 201_

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____                _____

City                                                                   State               Zip Code

_____                _____

Foreign Province                                                   Foreign Country

_____      _____      Individual

Last Four (4) Digits of Social
Security Number or
Taxpayer Identification Number          _____      Corporation/Other

_____      _____  (work)

Area Code                              Telephone Number

_____      _____  (home)

Area Code                              Telephone Number

_____

Record Owner's Name (if different from beneficial owner listed above)

5

**PART II:       SCHEDULE OF TRANSACTIONS IN ARAH SECURITIES**

**A.      BEGINNING HOLDINGS:** Number of shares of ARAH securities held at the beginning of trading on April 20, 2016 (If none, write "zero" or "0"; if other than zero, must be documented):  _____

**B.      PURCHASES OR ACQUISITIONS:** Purchases or acquisitions of ARAH securities during the period April 20, 2016 through November 16, 2016, inclusive[2] (excluding short sales) (must be documented):

| Trade Date (Mo./Day/Year) List Chronologically | Number of Shares Purchased or Acquired | Purchase or Acquisition Price Per Share | Net Purchase or Acquisition Price (less commissions and fees) | Identify if shares acquired pursuant to: (1) sale of put options; (2) employee shares; (3) cover of short position; or (4) exercise of call option during Settlement Class Period[3] |
|---|---|---|---|---|
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |

**C.      SALES:** Sales from April 20, 2016 through November 16, 2016, inclusive (must be documented):

| Trade Date (Mo./Day/Year) List Chronologically | Number of Shares Sold | Sale Price Per Share | Net Sale Price (less commissions and fees) | Shares Sold Short (Y/N) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

---

[2]Information requested with respect to your purchases of ARAH securities from August 19, 2016 through and including November 16, 2016 is needed in order to balance your claim; purchases during this period, however, are not eligible for recovery under the Stipulation of Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

[3] If you indicate that the purchase or sale was the result of the exercise or assignment of an options contract, you must provide documentation to support both the options purchase or sale and the exercise or assignment to purchase common stock.

     C.       Number of shares of ARAH securities held at close of trading on November 16, 2016 (If none, write "zero" or "0"; if other than zero, must be documented): _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGES _____.

## V.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

     1.       I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) Claim as a Settlement Class Member(s) (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Plaintiffs' Counsel to support this Claim if required to do so. I (We) have not submitted any other Claim covering the same purchases or sales of ARAH securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## VI.    RELEASE

     1.       I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever compromise, settle, resolve, release, relinquish, waive, and discharge all Released Claims and also acknowledge that we are forever barred and enjoined from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

     2.       "Released Claims" means any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-

claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, (1) the purchase, sale, or other acquisition or disposition, or holding, of ARAH securities during the Settlement Class Period, and/or (2) any conduct alleged in the Action or that could have been alleged in the Action against any of the Defendants or the other Released Parties.  However, claims to enforce the settlement are not released.

3.      "Released Parties" means all and each of Defendants, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, insurers, and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing.

4.      "Unknown Claims" means any Released Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the grant of such release, which if known by him, her or it might have affected their decision(s) with respect to the settlement of the Action.  It is the intention of the Parties hereto that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment Order shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of any statute or law, which is similar, comparable, equivalent to, or which has the effect of, California Civil Code §1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Lead Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that he, she or it is aware that they may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matters of the Released Claims, but that it is his, her, or its intention upon the Effective Date, to have fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.  In entering and making this Stipulation, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.  The Parties acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the

release of such unknown claims was separately bargained for and was a key element of the Stipulation.

5.      This release shall be of no force or effect unless and until the District Court approves the Stipulation and it becomes effective on the Effective Date.

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in ARAH securities that occurred during the period April 20, 2016 through November 16, 2016, inclusive, as well as the number and type of ARAH securities held by me (us) at the beginning of trading on April 20, 2016 and at the close of trading on November 16, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
(Month/Year)

in _____, _____.
(City)                                  (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor, or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original ARAH securities certificates or originals of any supporting documents.

4.   Keep a copy of your Claim Form and all documentation submitted for your records.

5.   If you desire an acknowledgment of receipt of your Claim Form, please send the Claim Form Certified Mail, Return Receipt Requested.

If you move, please send your new address to the Claims Administrator at the address below:

*Esposito v. American Renal Assocs. Holdings, Inc. et al.*,
Claims Administrator
c/o GCG
P.O. Box 10538
Dublin, Ohio 43017-4538

(888) 684-5083

www.ARAsecuritiessettlement.com

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY ESPOSITO, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JONATHAN L. WILCOX, SYED T. KAMAL, JONATHAN J. McDONOUGH, CENTERBRIDGE CAPITAL PARTNERS L.P., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., BARCLAYS CAPITAL INC., GOLDMAN, SACHS & CO., WELLS FARGO SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, and LEERINK PARTNERS LLC,<br><br>Defendants. | Civil Action No. 16 Civ. 11797 (ADB)<br><br>**CLASS ACTION** |

## [PROPOSED] ORDER AND FINAL JUDGMENT

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into the Stipulation of Settlement dated as of January 30, 2018 (the "Stipulation"); and

**WHEREAS**, the Court appointed Errol Rudman and Rudman Partners, L.P. ("Lead Plaintiffs") as class representatives, and Kirby McInerney LLP as Lead Plaintiffs' Counsel; and

**WHEREAS**, solely for purposes of settlement, the Parties have agreed to the certification of a Settlement Class defined as, collectively, the following: (a) all Persons that purchased or otherwise acquired ARAH securities between April 20, 2016 and August 18, 2016, inclusive, including (b) all Persons that purchased or otherwise acquired ARAH securities pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the

"Registration Statement") filed in connection with the Company's April 20, 2016 offering, but excluding Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant, and any Persons who submit a valid and timely request for exclusion pursuant to the Notice; and

**WHEREAS**, on _____, 2018, the Court entered the Order Preliminarily Approving Class Action Settlement and Providing for Notice and Settlement Hearing ("Preliminary Approval Order"), which, *inter alia*:  (i) preliminarily approved the settlement; (ii) approved the forms and manner of notice of the Action and settlement to members of the Settlement Class ("Settlement Class Members"); (iii) directed that appropriate notice of the Action and settlement be given to the Settlement Class; and (iv) set a hearing date to consider final approval of the settlement; and

**WHEREAS**, notice of the settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order, including by individual mailed notice to all Settlement Class Members who could be reasonably identified and by publication of a summary notice in *The Wall Street Journal,* or, if significantly less expensive, *The Financial Times* or *Investor's Business Daily*, and over a national newswire service; and

**WHEREAS**, notice of the settlement was mailed to federal officials and state officials as described in 28 U.S.C. §1715; and

**WHEREAS**, on _____, 2018, at _____ ___.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts, 02210, the Court held a hearing to determine whether the settlement was fair, reasonable, and adequate to the Settlement Class ("Settlement Hearing"); and

- 2 -

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised; and

**WHEREAS,** unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B.      This Order incorporates the definitions in the Stipulation, and all terms used in this Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C.      The Notice and Summary Notice given to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the settlement, to all Persons entitled to notice.  The notices fully satisfied the requirements of due process, 15 U.S.C. §§ 77z-1(a)(7) and §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D.      The notice to federal officials and state officials, as given, complied with 28 U.S.C. §1715.

E.      The settlement set forth in the Stipulation (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms'-length negotiations among competent, able counsel, before a nationally known, professional mediator, and (iii) was

made based upon a record that is sufficiently developed and complete to have enabled the Lead Plaintiffs and Defendants to adequately evaluate and consider their positions.

F.       Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class Members in connection with the settlement.

G.       The Persons who have timely and validly requested exclusion from the Settlement Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

H.       Lead Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the settlement set forth in the Stipulation.

I.       During the course of the Action, all Parties and their respective counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.       Pursuant to Federal Rule of Civil Procedure 23, the Court hereby (i) certifies, for settlement purposes only, the Settlement Class, and (ii) approves the settlement set forth in the Stipulation as fair, reasonable and adequate to the Settlement Class.  Accordingly, for settlement purposes, the Court authorizes and directs implementation of all terms and provisions of the Stipulation.

2.       All Parties to this Action, and all Settlement Class Members, are bound by the settlement as set forth in the Stipulation and this Order.  Excluded Persons identified in Exhibit 1 are no longer parties to this Action, and are not bound by the Stipulation or the settlement.

3.       Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

4.      Lead Plaintiffs and all Settlement Class Members are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged ARAH, Joseph A. Carlucci, Jonathan L. Wilcox, Syed T. Kamal, Jonathan J. McDonough, Centerbridge Capital Partners, L.P., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC., all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all and each of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, and insurers (including the Insurer), and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing (all of them are the "Released Parties"), with respect to any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or

contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, (1) the purchase, sale, or other acquisition or disposition, or holding, of ARAH securities during the Settlement Class Period, and/or (2) any conduct alleged in the Action or that could have been alleged in the Action against any of Defendants or the other Released Parties.

5.      Lead Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

6.      This Court hereby approves the Plan of Allocation as set forth in the Full Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety.  The Court directs Lead Plaintiffs' Counsel and the Claims Administrator to proceed with the processing of Claim Forms and the administration of the settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

7.      This Court hereby awards Lead Plaintiffs' Counsel reimbursement of their out-of-pocket expenses in the amount of $_____, and attorneys' fees equal to ____% of the Settlement Fund, with interest to accrue on all such amounts at the same rate and for the same

periods as accrued by the Settlement Fund from the date of this Final Judgment to the date of

actual payment of said attorneys' fees and expenses to Lead Plaintiffs' Counsel as provided in

the Stipulation.  The foregoing amounts shall be paid to Lead Plaintiffs' Counsel from the

Settlement Fund pursuant to the terms of the Stipulation.  The Court finds the amount of

attorneys' fees awarded herein to be fair and reasonable based on: (a) the work performed and

costs incurred by Lead Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks

undertaken by Lead Plaintiffs' Counsel and the contingent nature of their employment; (d) the

quality of the work performed by Lead Plaintiff's Counsel in this Action and their standing and

experience in prosecuting similar class action securities litigation; (e) awards to successful

plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class

Members through the settlement; and (g) the absence of a significant number of objections from

Settlement Class Members to the application for an award of attorneys' fees or reimbursement of

expenses to Lead Plaintiffs' Counsel.  The Court also finds that the requested reimbursement of

expenses is proper and that the expenses incurred by Lead Plaintiffs' Counsel were reasonable

and necessary in the prosecution of this Action on behalf of Settlement Class Members.  Lead

Plaintiffs are also awarded the sum of $_____, as reasonable costs and expenses

directly relating to the representation of the Settlement Class as provided in 15 U.S.C. §§ 77z-

1(a)(4) and 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

8.     Lead Plaintiffs' Counsel may apply, from time to time, for any fees and/or

expenses incurred by them solely in connection with the administration of the Settlement Fund

and distribution of the Net Settlement Fund to Settlement Class Members.

9.     All payments of attorneys' fees and reimbursement of expenses to Lead Plaintiffs'

Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall

have no liability or responsibility for the payment of any of Lead Plaintiffs' Counsel's attorneys' fees or expenses.

10.     Except as otherwise expressly provided herein, the Stipulation and settlement, whether or not consummated, and any proceedings taken pursuant to it:

a.     shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that had been or could have been asserted against any of Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of Defendants;

b.     shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

c.     shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants, in any other civil, criminal or administrative action or proceeding; and/or

d.     shall not be construed against any of Defendants for any purpose, including without limitation as a presumption, concession or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

11.     The Court hereby retains and reserves jurisdiction over:  (a) implementation of this settlement and any distributions from the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) the Action, until the Effective Date; (e) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (f) any other matters solely related to the distribution of the proceeds of the settlement.

12.     In the event that this judgment does not become Final in accordance with ¶ IV(A)(13) of the Stipulation, and the Effective Date in accordance with ¶ IV(I)(1) of the Stipulation does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the settlement, including without limitation any orders certifying the Settlement Class, shall be null and void, except to the extent provided by and in accordance with the Stipulation.  In such event, the Parties shall return to their positions as of November 28, 2017.

13.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Defendant, or any other of the Released Parties, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement Fund or disbursement of the Net Settlement Fund.  Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to the Settlement Class Members consistent with the Plan of Allocation.

14.     This Court's ruling on the Plan of Allocation and Lead Plaintiffs' Counsel's motion for attorneys' fees and/or reimbursement of expenses shall not disturb or affect this Order or the finality of this Order.  More specifically, neither appellate review nor modification of the Plan of Allocation set forth in the Full Notice, nor any action in regard to the motion by Lead Plaintiffs' Counsel for attorneys' fees and/or reimbursement of expenses and the award of costs and expenses, shall affect the finality of any other portion of this Final Judgment Order, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Final Judgment Order.

15.     Without further approval from the Court, Lead Plaintiffs' Counsel and Defendants' Counsel are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the settlement that: (i) are not materially inconsistent with this Final Judgment Order; and (ii) do not materially limit the rights of Settlement Class Members in connection with the settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: _____, 2018.
        Boston, Massachusetts


_____
Allison D. Burroughs
United States District Judge