UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY ESPOSITO, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JONATHAN L. WILCOX, SYED T. KAMAL, JONATHAN J. McDONOUGH, CENTERBRIDGE CAPITAL PARTNERS L.P., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., BARCLAYS CAPITAL INC., GOLDMAN, SACHS & CO., WELLS FARGO SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, and LEERINK PARTNERS LLC,<br><br>                      Defendants. | Civil Action No. 16 Civ. 11797 (ADB)<br><br>**CLASS ACTION** |

## ORDER AND FINAL JUDGMENT

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into the Stipulation of Settlement dated as of January 30, 2018 (the "Stipulation"); and

**WHEREAS**, the Court appointed Errol Rudman and Rudman Partners, L.P. ("Lead Plaintiffs") as class representatives, and Kirby McInerney LLP as Lead Plaintiffs' Counsel; and

**WHEREAS**, solely for purposes of settlement, the Parties have agreed to the certification of a Settlement Class defined as, collectively, the following: (a) all Persons that purchased or otherwise acquired ARAH securities between April 20, 2016 and August 18, 2016, inclusive, including (b) all Persons that purchased or otherwise acquired ARAH securities pursuant or traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the

"Registration Statement") filed in connection with the Company's April 20, 2016 offering, but excluding Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant, and any Persons who submit a valid and timely request for exclusion pursuant to the Notice; and

WHEREAS, on February 8, 2018, the Court entered the Order Preliminarily Approving Class Action Settlement and Providing for Notice and Settlement Hearing ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the settlement; (ii) approved the forms and manner of notice of the Action and settlement to members of the Settlement Class ("Settlement Class Members"); (iii) directed that appropriate notice of the Action and settlement be given to the Settlement Class; and (iv) set a hearing date to consider final approval of the settlement; and

WHEREAS, notice of the settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order, including by individual mailed notice to all Settlement Class Members who could be reasonably identified and by publication of a summary notice in *The Wall Street Journal,* or, if significantly less expensive, *The Financial Times* or *Investor's Business Daily*, and over a national newswire service; and

WHEREAS, notice of the settlement was mailed to federal officials and state officials as described in 28 U.S.C. §1715; and

WHEREAS, on June 14, 2018, at 2:00 p.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts, 02210, the Court held a hearing to determine whether the settlement was fair, reasonable, and adequate to the Settlement Class ("Settlement Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised; and

**WHEREAS,** unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B. This Order incorporates the definitions in the Stipulation, and all terms used in this Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C. The Notice and Summary Notice given to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the settlement, to all Persons entitled to notice. The notices fully satisfied the requirements of due process, 15 U.S.C. §§ 77z-1(a)(7) and §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D. The notice to federal officials and state officials, as given, complied with 28 U.S.C. §1715.

E. The settlement set forth in the Stipulation (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms'-length negotiations among competent, able counsel, before a nationally known, professional mediator, and (iii) was

made based upon a record that is sufficiently developed and complete to have enabled the Lead Plaintiffs and Defendants to adequately evaluate and consider their positions.

      F.      Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class Members in connection with the settlement.

      G.      The Persons who have timely and validly requested exclusion from the Settlement Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

      H.      Lead Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the settlement set forth in the Stipulation.

      I.      During the course of the Action, all Parties and their respective counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

      **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

      1.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby (i) certifies, for settlement purposes only, the Settlement Class, and (ii) approves the settlement set forth in the Stipulation as fair, reasonable and adequate to the Settlement Class.  Accordingly, for settlement purposes, the Court authorizes and directs implementation of all terms and provisions of the Stipulation.

      2.      All Parties to this Action, and all Settlement Class Members, are bound by the settlement as set forth in the Stipulation and this Order.  Excluded Persons identified in Exhibit 1 are no longer parties to this Action, and are not bound by the Stipulation or the settlement.

      3.      Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

4.       Lead Plaintiffs and all Settlement Class Members are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged ARAH, Joseph A. Carlucci, Jonathan L. Wilcox, Syed T. Kamal, Jonathan J. McDonough, Centerbridge Capital Partners, L.P., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC., all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all and each of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, and insurers (including the Insurer), and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing (all of them are the "Released Parties"), with respect to any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or

contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, (1) the purchase, sale, or other acquisition or disposition, or holding, of ARAH securities during the Settlement Class Period, and/or (2) any conduct alleged in the Action or that could have been alleged in the Action against any of Defendants or the other Released Parties.

5. Lead Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

6. This Court hereby approves the Plan of Allocation as set forth in the Full Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety. The Court directs Lead Plaintiffs' Counsel and the Claims Administrator to proceed with the processing of Claim Forms and the administration of the settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

7. This Court hereby awards Lead Plaintiffs' Counsel reimbursement of their out-of-pocket expenses in the amount of $37,914.17, and attorneys' fees equal to 33% of the Settlement Fund, with interest to accrue on all such amounts at the same rate and for the same

periods as accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Plaintiffs' Counsel as provided in the Stipulation.  The foregoing amounts shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund pursuant to the terms of the Stipulation.  The Court finds the amount of attorneys' fees awarded herein to be fair and reasonable based on: (a) the work performed and costs incurred by Lead Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Plaintiffs' Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Plaintiff's Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class Members through the settlement; and (g) the absence of a significant number of objections from Settlement Class Members to the application for an award of attorneys' fees or reimbursement of expenses to Lead Plaintiffs' Counsel.  The Court also finds that the requested reimbursement of expenses is proper and that the expenses incurred by Lead Plaintiffs' Counsel were reasonable and necessary in the prosecution of this Action on behalf of Settlement Class Members.  Lead Plaintiffs are also awarded the sum of $5,000 each, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. §§ 77z- 1(a)(4) and 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

8.    Lead Plaintiffs' Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement Fund and distribution of the Net Settlement Fund to Settlement Class Members.

9.    All payments of attorneys' fees and reimbursement of expenses to Lead Plaintiffs' Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall

have no liability or responsibility for the payment of any of Lead Plaintiffs' Counsel's attorneys' fees or expenses.

10. Except as otherwise expressly provided herein, the Stipulation and settlement, whether or not consummated, and any proceedings taken pursuant to it:

a. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that had been or could have been asserted against any of Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of Defendants;

b. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

c. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants, in any other civil, criminal or administrative action or proceeding; and/or

d. shall not be construed against any of Defendants for any purpose, including without limitation as a presumption, concession or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

11.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this settlement and any distributions from the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) the Action, until the Effective Date; (e) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (f) any other matters solely related to the distribution of the proceeds of the settlement.

12.     In the event that this judgment does not become Final in accordance with ¶ IV(A)(13) of the Stipulation, and the Effective Date in accordance with ¶ IV(I)(1) of the Stipulation does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the settlement, including without limitation any orders certifying the Settlement Class, shall be null and void, except to the extent provided by and in accordance with the Stipulation.  In such event, the Parties shall return to their positions as of November 28, 2017.

13.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Defendant, or any other of the Released Parties, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement Fund or disbursement of the Net Settlement Fund.  Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to the Settlement Class Members consistent with the Plan of Allocation.

14. This Court's ruling on the Plan of Allocation and Lead Plaintiffs' Counsel's motion for attorneys' fees and/or reimbursement of expenses shall not disturb or affect this Order or the finality of this Order. More specifically, neither appellate review nor modification of the Plan of Allocation set forth in the Full Notice, nor any action in regard to the motion by Lead Plaintiffs' Counsel for attorneys' fees and/or reimbursement of expenses and the award of costs and expenses, shall affect the finality of any other portion of this Final Judgment Order, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Final Judgment Order.

15. Without further approval from the Court, Lead Plaintiffs' Counsel and Defendants' Counsel are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the settlement that: (i) are not materially inconsistent with this Final Judgment Order; and (ii) do not materially limit the rights of Settlement Class Members in connection with the settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: June 15, 2018.
Boston, Massachusetts

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
United States District Judge